JAMES H. BARLOW, Respondent, *v.* LEHIGH VALLEY
RAILROAD COMPANY, Appellant.

Master and servant — negligence — railroads — injury to loco-
motive engineer while engaged in operating train carrying
interstate freight — when work of switching coal cars from one
track to another in freight yard is work in interstate commerce.

1. Work in a yard such as switching interstate cars, taking their
numbers or preparing an engine to move interstate freight is a
part of interstate commerce, and while returning from the perform-
ance of a particular service in interstate commerce the employee
should be regarded as still engaged in that service.

2. The plaintiff was employed by the defendant, an interstate
and intrastate carrier, as an engineer on a switch engine at its
yards in this state. At the time of, or just before, the accident, his
crew were, or had been, engaged in placing three cars of supply
coal upon a trestle where the coal was to be dumped into pockets,
from which it was to be taken indiscriminately to coal engines
employed in interstate or intrastate commerce. The three cars of
coal had been transported over the defendant's own road from
another state and had arrived at the yards where the accident
occurred and been placed on sidings at different times a few days
before they were placed on the trestle. The plaintiff was reaching
under the engine to examine a brake beam, when the fireman, who
had taken his place in the cab, suddenly backed the engine and
inflicted the injuries for which the plaintiff has recovered. *Held*
(1), that the transportation of the coal from another state, though
for the defendant's own use, was interstate commerce and was not
completed until the cars were actually placed on the trestle to be
unloaded; (2) that the act of placing the cars on the trestle, so that
the coal could be dumped into pockets from which it could be trans-
ferred to the tenders of engines engaged in interstate commerce was
so closely connected with and related to interstate commerce as to
be a part of it. (*Pedersen* v. *Del., Lack. & West. R. R. Co.*, 229 U. S.
146, followed.)

*Barlow* v. *Lehigh Valley R. R. Co.*, 158 App. Div. 768, affirmed.

(Argued January 21, 1915; decided February 5, 1915.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the third judicial department,

entered November 20, 1913, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Peter F. McAllister* for appellant. The trial court erred in submitting this case to the jury under the Federal Employers' Liability Act. (*Pearson* v. *N. Y. S. & C. Ry. Co.*, 83 N. J. L. 661; *Nordgard* v. *M. & N. Ry. Co.*, 211 Fed. Rep. 721; *McNaughton Co.* v. *McGirl*, 20 Mont. 124; *C. R. Lumber Co.* v. *Patterson*, 33 Cal. 334; *Fuller* v. *C. & N. W. R. Co.*, 31 Iowa, 187; *Brennan* v. *City*, 153 U. S. 289; *I. C. R. R. Co.* v. *Behrens*, 233 U. S. 473.)

*Clayton R. Lusk* for respondent. The case was properly submitted to the jury under the Federal Employers' Liability Act. (*Pedersen* v. *D., L. & W. R. R. Co.*, 229 U. S. 146; *St. Louis, S. F. & T. Ry. Co.* v. *Seale*, 229 U. S. 156; *N. C. R. R. Co.* v. *Zachary*, 232 U. S. 248; *Law* v. *I. C. R. R. Co.*, 208 Fed. Rep. 869; *San Pedro, L. A. & S. T. R. Co.* v. *Davide*, 210 Fed. Rep. 870; *Eng* v. *S. P. R. R. Co.*, 210 Fed. Rep. 92; *Armbruster* v. *C., etc., Ry. Co.*, 197 N. W. Rep. 337; *St. Louis S. W. Ry. Co.* v. *Brothers*, 165 S. W. Rep. 488; *Cousins* v. *Ill. C. R. R. Co.*, 148 N. W. Rep. 58; *C., R. I. & P. R. R. Co.* v. *Stahley*, 62 Fed. Rep. 363.)

MILLER, J. The only question which survives the unanimous affirmance by the Appellate Division is that presented by the exception to the submission of the case to the jury under the Federal Employers' Liability Act (35 Stat. 65, c. 149, as amended by 36 Stat. 291, c. 143). The plaintiff was employed by the defendant, an interstate and intrastate carrier, as an engineer on a switch engine at its yards in Cortland, N. Y. At the time of, or just before, the accident his crew were, or had been, engaged in placing three cars of supply coal

upon a trestle where the coal was to be dumped into pockets, from which it was to be taken indiscriminately to coal engines employed in interstate or intrastate commerce. The three cars of coal had been transported over the defendant's own road from Sayre, Pa., to Cortland and had arrived at the Cortland yards and been placed on sidings at different times a few days before they were placed on the trestle. The plaintiff was reaching under the engine to examine a brake beam, which was down, when the fireman, who had taken his place in the cab, suddenly backed the engine and inflicted the injuries for which the plaintiff has recovered. That movement of the engine was either to uncouple it from the cars or to back it down the incline just after it had been uncoupled.

The plaintiff's right to recover under the Federal act is maintained on two grounds: 1, that the transportation of the coal from Sayre, Pa., though for the defendant's own use, was interstate commerce and was not completed until the cars were actually placed on the trestle to be unloaded; 2, that the act of placing the cars on the trestle, so that the coal could be dumped into pockets from which it could be transferred to the tenders of engines engaged in interstate commerce was so closely connected with and related to interstate commerce as to be a part of it. We think the action may be sustained upon both theories.

Transportation, if not strictly commerce, is at least the particular part of commerce in which the defendant is engaged and which said act was intended to regulate. It is not practical in determining the application of the Federal or the state law to distinguish between the transportation of supplies from one state to another for the carriers' own use and the transportation of merchandise for sale or exchange. Enough difficulties from conflicting laws and authorities in the case of carriers engaged in both interstate and intrastate commerce now exist without unnecessarily creating others. Congress has

undertaken to regulate the liability of carriers to their employees while engaged in interstate commerce, and modern conditions require that all interstate transportation be regarded as commerce or an agency of commerce, subject to the Federal statute and under the supervision of the Federal authorities. (See *Pensacola Telegraph Co. v. Western Union Telegraph Co.*, 96 U. S. 1.) It has been held that the hauling of empty cars from one state to another is interstate commerce. (See *Nor. Car. R. R. Co.* v. *Zachary*, 232 U. S. 248, 259.) Certainly, then, the hauling of cars loaded with supplies for the carrier's own use is commerce within the meaning of the act and subject to the jurisdiction of Congress.

The transportation was not completed until the cars reached their destination, the trestle where they were to be unloaded. The interstate transportation was interrupted, but not terminated, when the cars were put on the siding in the Cortland yards. The case in that aspect is precisely the same as though that interruption had occurred at some other point in the route. Work in a yard such as switching interstate cars, taking their numbers or preparing an engine to move interstate freight is a part of interstate commerce. (*Johnson* v. *Southern Pacific Co.*, 196 U. S. 1, 21; *McNeill* v. *Southern Railway Co.*, 202 U. S. 543; *St. L., San Francisco & Texas Railway Co.* v. *Seale*, 229 U. S. 156; *Nor. Car. R. R. Co.* v. *Zachary, supra.*)

If the plaintiff had actually been coaling an engine preparatory to its moving interstate cars, he would plainly have been engaged in interstate commerce. (*Nor. Car. R. R. Co.* v. *Zachary, supra.*) The placing of the coal cars on the trestle was one step removed from such work, but it was certainly no more remote than the carrying of bolts to repair a bridge, which was held to be so closely connected with interstate commerce as to be a part of it. (*Pedersen* v. *Del., Lack. & West. R. R. Co.*, 229 U. S. 146.) We think, as the learned Appellate Division thought, that

that case is decisive on the point. The appellant argues that the doctrine of that case was limited by the later decision of the United States Supreme Court in *Illinois Central Railroad Company* v. *Behrens* (233 U. S. 473). We do not construe the later decision as in any way limiting or modifying the rule of the *Pederson* case. In the *Behrens* case the injured employee was engaged on a switch engine moving cars loaded with intrastate freight from one point in a city to another point in the same city. The two cases illustrate how different rules may apply to precisely the same kind of work for the same employer, depending on whether the particular service at the moment is a part of interstate, or intrastate, commerce. It was decided in the *Behrens* case that, notwithstanding the undoubted power of Congress to extend the application of the Employers' Liability Act, it had as yet confined it to "injuries occurring when the particular service in which the employee is engaged is a part of interstate commerce." The employee in that case was concededly engaged at the moment of his injury in intrastate commerce. Mr. Justice VAN DEVANTER said: "That he was expected, upon the completion of that task, to engage in another which would have been a part of interstate commerce is immaterial under the statute, for by its terms the true test is the nature of the work being done at the time of the injury." (p. 478.) That quotation is apposite to the final point of the appellant, that, even if the placing of the cars on the trestle was a service in interstate commerce, that service had been performed when the accident occurred.

I shall assume, although the evidence would justify a different finding, that the act of uncoupling the car from the engine had been completed and that the fireman had started to back the engine down the incline from the trestle when the accident occurred. Still the particular service in interstate commerce was not completed. The rule governing the case could not be changed by the men-

tal determination of some one in authority to put the crew at intrastate work upon the return of the engine to the yard.   The case in that aspect is the converse of the *Behrens* case.   It is an anomalous situation, and one to be remedied as far as possible by legislation, that an employer's liability to his employee may be governed by one rule at one moment and by an entirely different rule at the next, though the employee is all the time engaged in precisely the same kind of work.   We are not disposed to increase the difficulty by drawing nice distinctions. While returning from the performance of a particular service in interstate commerce the employee should be regarded as still engaged in that service.   (See *San Pedro, L. A. & S. L. R. Co.* v. *Davide*, 210 Fed. Rep. 870; *Nor. Car. R. R. Co.* v. *Zachary, supra.*)

The judgment should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, CUDDE-BACK, CARDOZO and SEABURY, JJ., concur.

Judgment affirmed.