# LEHIGH VALLEY RAILROAD COMPANY *v.* BARLOW.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 194.   Argued April 20, 1917.—Decided May 21, 1917.

An employee is not engaged in interstate commerce, within the meaning of the Federal Employers' Liability Act, when his work at the time of injury consists in placing cars owned by the carrier, containing its supply coal, upon an unloading trestle within its yards, and when the interstate movement of the cars carrying the coal occurred as long as seventeen days previously and the cars, with the coal, in the meantime, have remained upon sidings and switches in the yards. *Chicago, Burlington & Quincy R. R. Co.* v. *Harrington*, 241 U. S. 177. 214 N. Y. 116, reversed.

THE case is stated in the opinion.

*Mr. Peter F. McAllister*, with whom *Mr. F. O. McCleary* was on the briefs, for plaintiff in error.

*Mr. Clayton R. Lusk* for defendant in error.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

Basing his claim upon the Federal Employers' Liability Act, defendant in error sought damages for personal injuries. The New York Court of Appeals affirmed a judgment in his favor, 214 N. Y. 116, and the question now presented is whether there is evidence tending to show that he was injured while engaging in interstate commerce. The accident occurred July 27, 1912, when, as member of a switching crew, he was assisting in placing three cars containing supply coal for plaintiff in error on an unloading trestle within its yards at Cortland, New York. These

cars belonged to it and with their contents had passed over its line from Sayre, Pennsylvania. After being received in the Cortland yards—one July 3 and two July 10—they remained there upon sidings and switches until removed to the trestle on the twenty-seventh.

We think their interstate movement terminated before the cars left the sidings, and that while removing them the switching crew was not employed in interstate commerce. The essential facts in *Chicago, Burlington & Quincy R. R. Co.* v. *Harrington,* 241 U. S. 177, did not materially differ from those now presented. There we sustained a recovery by an employee, holding he was not engaged in interstate commerce; and that decision is in conflict with the conclusion of the Court of Appeals. The judgment under review must be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed.*