# CASES ARGUED AND DETERMINED

## IN THE

# SUPREME COURT OF MISSISSIPPI

### AT THE

## MARCH TERM, 1918.

---

SOUTHERN RAILWAY COMPANY *v.* MAXWELL.

[77 South. 905, Division A.]

1. COMMERCE. *Employer's liability. Interstate commerce.*

Where an interstate shipment had arrived at the point of its desti-
nation and the car containing the shipment had been transferred
from one track to another, in defendant's railroad yard, for the
purpose of being unloaded and storing its contents. In such
case an employee of the defendant railroad, injured while un-
loading the car, was not engaged in interstate commerce within
the Federal Employer's Liability Act (Act April 22, 1908, ch.
149, 35 Stat. 65 U. S. Comp. St. 1916, sections 8657, 8665) since
the interstate movements of such car had terminated before
such employee attempted to unload it.

2. PLEADING. *Surplusage.*

The contention that while the declaration, which contained only
one count, stated a cause of action under the Federal Employer's
Liability Act, it also, treating the allegation relative to inter-
state commerce as surplusage, stated a cause of action under the
Alabama Employer's Liability Act, and that if the evidence failed
to show that plaintiff was engaged in interstate commerce at the
time he was injured, nevertheless he should have judgment for
the reason that he was entitled to a recovery under the Alabama
Act, cannot be sustained since under the Alabama Act contrib-
utory negligence may be pleaded in bar, while under the federal
act it can only be pleaded in mitigation of damages. If these
statutes were identical, so that the pleadings could present the
same issue under one as under the other, it may be that the
contention would not be without merit.

(62)

APPEAL from the Circuit Court of Tishomingo County. HON. CLAUDE CLAYTON, Judge.

Suit by Lawerence Maxwell against the Southern Railway Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*J. M. Boone,* for appellant.

Our main reliance for a reversal of this case is that the evidence in the case fails to show as a matter of law that the plaintiff Maxwell was employed in interstate commerce at the time he received his injury and the court below therefore erred in refusing the peremptory instruction for the defendant as the case made out by the declaration was not in the slightest particular supported by the evidence. We presume that it will be conceded by appellee that if the evidence does not support the allegation of the declaration that plaintiff was, at the time he received his injury, employed in interstate commerce, that it necessarily follows the case should be reversed. We will therefore present our views upon this issue in the case.

We content ourselves by citing authorities as to the test as to whether or not the injured person was employed in interstate commerce. In the case of *Shanks* v. *The Delaware, etc., Railroad Co.,* 239 U. S. 556, 60 Law Ed. 436, the court said: "The true test of employment in such commerce in the sense intended is, was the employee, at the time of the injury, engaged in interstate transportation, or in work so closely related to it as to be practically a part of it?

This identical language in the Shanks case was adopted by the court in the case of *C., B. & Q. Railroad* v. *Harrington,* 241 U. S. 177; 60 Law Ed. 941. The case of *Y. & M. V. R. R. Co.* v. *Houston,* 75 So. 690, is directly in point. *I. C. Railroad Co.* v. *Behrnes,* 233 U. S. 473, 58 Law. Ed. 1051; *Yurkonis case,* 238 U. S. 439. This

Harrington case was followed by the case of the *Lehigh Valley Railroad Co.* v. *Barlow,* decided May 21, 1917, by the supreme court of the United States, reported in Advance Sheets of the Lawyers' Co-operative Edition, July 1, 1917, page 515; *Raymond* v. *The C. & S. P. Ry.,* Decided March 6, 1917, Advance Sheets, Lawyers' Co-op. Ed., April 1, 1917, page 268; *Central Railroad of N. J.* v. *Paslick,* 239 Fed. 713; *Minneapolis, etc., R. R. Co.* v. *Winters,* 242 U. S. 353; *Kelly* v. *Pennsylvania Railroad,* 238 Fed. 95.

All the decisions seem to be uniform as to persons injured while not immediately working on the track or handling the trains and we find no conflict with them with the decisions cited in the brief. We think this case on this point ought to be reversed and dismissed. There would be no particular benefit to reverse the case and remand it for the reason that an amendment could not be made except an amendment that would rely upon the new cause of action rather than the one relied upon in this declaration as the Alabama law in which this injury occurred is materially different from the Federal Employers' Liability Act. In this: First, in Alabama they have no comparative negligence statute as does the federal act; second, the fellow-servant rule is not the same as under the Federal Act; and, third, Alabama has a state Employers' Liability Act which is materially different in many material respects in its provisions from the Federal Employers' Liability Act. Civil Code 1907, chapter 80, section, 3910 of Alabama.

Any attempted amendments would simply be another cause of action and this new cause of action would exist where it would be a departure either from fact to fact or from law to law as was held by the court in the case of *U. P. R. Co.* v. *Wiley,* 158 U. S. 285, 39 Law Ed. 983.

*W. H. Kier* and *Earl King,* for appellant.

Was Maxwell at the time of the injury engaged in interstate transportation or in work so closely related to it as to be practically a part of it? What was the plaintiff Maxwell doing at the time of receiving his injury for which recovery is sought in this cause? Every line of evidence with respect to the nature of his work at that time has been quoted and it is submitted that this evidence shows him to have been unloading piling from cars which had been "spotted" on the side-track at Sheffield, Alabama, and which piling was unloaded for the purpose of being stored in the lumber yards of the defendant company at that point. There is not one line of evidence that this piling was being unloaded for the purpose of becoming an instrumentality of interstate commerce. There is nothing to show that its future use might be in the furtherance of interstate commerce. It was simply being unloaded and stored on the yards of defendant company at Sheffield, Alabama, with no further use appearing. There is no line of evidence in this record as to how long this car had been in the yards of Sheffield, Alabama or when it arrived. On these facts defendant confidently submits that the work of unloading this car was not within the purview of the Employer's Liability Act, and that the plaintiff who received injuries while engaged in this work does not come within the purview of the Employer's Liability Act, and that the plaintiff, who received injuries while engaged in this work does not come within the protection of that act. *Chicago, Burlington & Quincy Railroad Co.* v. *Harrington,* 241 U. S. 177; *Illinois Central R. R.* v. *Behrens,* 233 U. S. 473, 478; *Shanks* v. *Del Lack & Sest. R. R.,* 239 U. S. 556, 558; *Minneapolis, etc., Co.* v. *Winters,* 242 U. S. 353, 37 Sup. Ct. 170, 61 L. Ed.—, 239 Fed. 714; *Central R. Co. of New Jersey* v. *Paslick,* 239 Fed. 713, Law (P L.1911,) p. 134.

It is not profitable to discuss the cases following the Pedersen decision, further than to point out that in *Chicago, etc., R. R.* v. *Harrington,* 241 U. S., at page 190, 36 Sup. Ct. 517, 60 L. Ed. 941, it was held that the true test of employment in interstate commerce in the sense intended by the statute is: ''Was the employee at the time of the injury engaged in interstate transportation, or in work so closely related to it as to be practically a part of it?                              ,

A most recent case from the supreme court of the United States, illustrating the above principle is that of *Lehigh Valley Railroad Company* v. *Barlow,* decided May 21, 1917, page 515, Advance Sheet of the United States Reporter, case No. 194; *Deleware, etc., R. Co.* v. *Yurkonis,* 238 U. S. 444, 35 Sup. Ct. 902, 59 L. Ed. 1397; *Pedersen* v. *Deleware, etc., Co.,* 229 U. S. 146, 33 Sup. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1914; *Minneapolis, etc., Co.* v. *Winters,* 242 *U. S.* 353, 37 Sup. Ct. 170, 61 L. Ed. (January 8, 1917).

The plaintiff founded his case and grounded the releif sought on the Federal Employer's Liability Act. The case has been tried under that act as the law. That is the law the court charged. That is the law on which the defendant moved the court for a directed verdict. That is the law given the jury to guide its findings. That is the law and the only law which the jury considered in finding its verdict in this case. It is that statute which must determine the rights of the parties in this action. *C. N. O. & T. P. R. R.* v. *Clark* (Ky), 185 S. W. 94; *Covington, etc., St. R. Co.* v. *Finan,* — S. W. 153; *L. & N. R. Co.* v. *Strange,* 156 Ky. 439, 161 S. W. 239; *Bravis* v. *Railway Co.,* 217 Fed. 234; *Hoag* v. *Ulster & D. R. Co.,* 164 N. Y. S. 529; *Karras* v. *Chi. & N. W. R. Co.* (Wis.), 162 N. W. 923; *Barker* v. *Kansas City, M. & O. R. Co.,* 94 Kans, 176, 146 Pac. 358; *M., K. & T. R. Co.* v. *Fesmire* (Tex.), 150 S. W. 201; *Pierson* v. *N. Y., S. & W. R. Co.,* 83 N. J. L. 661, 85 Atl. 233;*Raymond* v. *Chi., M. & St. P. R. Co.,* 243 U.

S.—, 27 Sup. Ct. Rep. 268; *C., N. O. & T. P. R. Co.* v. *Hasford* (Ky.), 190 S. W. 690; *Railroad* v. *Watson* (Tex. Civ. App.), 195 S. W. 1177; *Alexander* v. *Great N. R. Co.* (Mont.), 154 Pac. 914; *Giovio* v. *N. Y. Cent. R. Co.*, 162 N. Y. Supp. 1026; *Kelly* v. *Pa. R. Co.*, 238 Fed. 95; *Y. & M. V.* v. *Houston*, 75 So. 690.

Wherefore, upon this record we most respectfully submit that the defendant herein has not had a fair and impartial trial, and that the judgment of the circuit court should be reversed and this case should be dismissed.

*T. H. Elam* and *Cunningham & Cunningham*, for appellee.

We think that an employee engaged in the unloading of interstate shipments before the shipment on cars have ever been stored is engaged in interstate commerce, and we cite the following authorities for the court to consider on this proposition, to wit:

Robert's Injuries Interstate Employees, section 38, page 88, and the citations thereunder; also Thornton's Employer's Liability Act, section 37, page 83, and the citations thereunder, especially *St. Louis, S. F. & T. R. Company* v. *Scale*, 229 U. S. 156; *Alabama Great Southern Railway Company* v. *Scotzy*, 71 So. 336 (Ala.); *Seaboard Airline R. Co.* v. *Koennecke*, 239 U. S. 352, 60 L. Ed, 1334; also *Great Northern Railway Company* v. *Otos*, 60 L. Ed. (U. S.) 322.

We think this falls far short of coming under the rule in the Harrington case cited in the Barlow case, because the storage in both of these cases took place before the injury. In this case the evidence does not show that the cars had ever been stored, but that they were for the first time brought to the proper siding for unloading, after which unloading the piling for the first time were to be stored.

The declaration in this cause states a clear and distinct cause of action under the Employer's Liability Act of the state of Alabama, chapter 80, Code of Alabama, 1907. The case was tried in the lower court in every way consistent with defendant's rights under the Alabama Law, as well as under the Employer's Liability Act, provided by federal statutes.

"It is simply to be said that the suit by the administratrix was entirely superfluous and improper, and the learned counsel for appellant very properly admit that in this view they cannot claim that the consolidation prejudicially affected appellant in any wise." *Coopwood* v. *McDandless,* 54 So. 1007; *Noel* v. *Aron,* 8 So. 640.

The development of procedure under the Federal Employer's Liability Act has given rise to many considerations of this very question and in the beginning of the courts were much more divided than at the presant time. Even the United States supreme court has uttered its endorsement of a method by which both the federal and state law can be pleaded at the same time or amended from one to the other as shown in *Kansas City W. R. Company* v. *McAdow* (U. S.), 60 L. Ed. 520, and we cite the following additional authorities which we think sustain our view: Hemingway's Code, section 560; section 150 of Roberts' Injuries, Interstate Employers; page 260, and the citations thereunder; also later, Thorntons' Federal Employer's Liability Act, section 212, pages 313-314, and the citations there referred to; we also cite *Alexander* v. *Great Northern Railroad Company,* 154 Pac. 914; *Southern Railway* v. *Howerton,* (Ind.), 101 N. E. 121; *Rosasco* v. *Ideal Opening, etc. Co.,* 141 N. Y. S. 23; *Marra* v. *Hamburg American, etc., Gesellscheff,* 167 N. Y. Sup. 74.

Under the above authorities, this cause was properly submitted to the jury on law and facts which give to the appellant every right that the law of any land guarantees. If they convince this court that the Employer's Liability Act did not apply, they would then

have a much harder task to convince the court that their
cause was not properly tried under the Employers'
Liability Act of Alabama.

If the declaration had not stated a cause of action
under the Alabama Employer's Liability Act and this
court were to reverse, the declaration could, of course,
be amended on retrial under the authority of *Broom* v.
*Southern Railroad in Mississippi,* 76 So. 525; also
*Washington Railroad Company* v. *Scolla,* 61 L. Ed.
(U. S.) 1360; *Seaboard Airline Co.* v. *Penn,* 241 U. S.
292, 60 L. Ed. 1008. However, the declaration fully
stating a cause of action under the state law, there
is nothing in appellant's contention on this point.

We submit that if this cause is reversed and tried
again, no other nor different result would reasonably
be expected, and we therefore earnestly urge that the
cause be affirmed.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a judgment against appellant
in favor of appellee for damages alleged to have been
sustained by him because of an injury received at
Sheffield, Ala., while in appellant's employment, by
reason of the negligence of a fellow servant.

The declaration alleged that appellant was engaged
in operating a railroad though several states, and that
its business was almost entirely of an interstate
character, that appellee was a member of one of
appellant's bridge gangs, and on the occasion in question
was injured while unloading bridge piling belonging
to appellant and shipped from Meridian, Miss., to its
bridge foreman at Sheffield, Ala., setting out at great
length the manner in which the injury occurred, and
charging that it was attributable to the negligence of
the foreman of the bridge gang, under whose direction
the piling was being loaded, and who had the right to
direct the manner in which appellee should do his
work.

The evidence by which it was sought to prove that this piling was transported from one state into another was objected to by appellant, but, for the purpose of this discussion, we will assume its competency, and that it appears therefrom that the piling was shipped from Meridian, Miss., to the foreman of appellant's bridge gang, at Sheffield, Ala. When it arrived there does not appear, but on the occasion in question it was switched from one to another of appellant's tracks in the Sheffield yards, for the purpose of being unloaded and stored. Whether is was thereafter to be used by appellant, and, if so, when and where, does not appear. The car on which this piling was loaded had wooden standards on each side placed in an upright position, in iron sockets; and to make them more secure, and the better to enable them to support the piling, each standard was connected with the one on the opposite side of the car by two wires, one fastened to the middle of the standards, and the other to the tops. The usual method of unloading cars so loaded was to first cut the standards on one side thereof sufficiently to weaken them, and then for an employee to go on top of the piling and cut the wires on the side where the standards had been cut, which would cause the standards to break and the piling roll off on that side of the car. When the car here in question was switched to the place where it was to be unloaded, appellee was directed by his foreman to cut the wires in the manner above outlined, and was proceeding so to do when the standards gave way on both sides of the car, causing the piling to roll off on each side thereof, some of which struck and injured him. These standards were defective, in that they were made of decayed wood; and the evidence for appellee tends to show that the foreman in charge of the gang was negligent in not ascertaining this fact before ordering appellee to cut the wires. The instructions granted for both appellant and appellee are predicated

upon liability *vel non* under the Federal Employers' Liability Act.

Appellee's contentions are: First, that he was engaged in interstate commerce at the time of his injury; and, second, if he was not so engaged, that he is entitled to a recovery under the Employers' Liability Act of Alabama.

Appellee's first contention is ruled by *Railroad Co.* v. *Harrington,* 241 U. S. 177, 36 Sup. Ct. 517, 60 L. Ed. 94, and *Railroad Co.* v. *Barlow,* 244 U. S. 183, decided May 21, 1917, 37 Sup. Ct. 515, 61 L. Ed. 1070, from which it appears that the interstate movement of the car here in question had terminated before appellee attempted to unload it, and that, while so doing, he was not employed in interstate commerce.

In support of the second contention it is urged by counsel for appellee that, while the declaration, which contains only one count, states a cause of action under the Federal Employers' Liability Act, it also, treating the allegations relative to interstate commerce as surplusage, states a cause of action under the Alabama Employers' Liability Act, and that if the evidence fails to show that appellee was engaged in interstate commerce at the time he was injured, nevertheless the judgment should be affirmed, for the reason that he is entitled to a recovery under the Alabama statute.

If these statutes were identical, so that the pleadings could have presented the same issues under the one as under the other, it may be that this contention would not be without merit; but, as pointed out by the supreme court of Alabama in *Railroad Co.* v. *Carter,* 195 Ala. 382, 70 So. 655, Ann. Cas. 1917E, 292, they differ materially, in that under the Alabama statute contributory negligence may be pleaded in bar of the action, while under the federal statute it can be pleaded only in mitigation of damages.

*Reversed and remanded.*