## Watson v. Louisville & Nashville Railroad Company.

(Decided December 11, 1931.)

(As Extended on Denial of Rehearing February 12, 1932.)

CLARENCE MILLER for appellant.

ROBERT R. FRIEND, C. S. LANDRUM and ASHBY M. WARREN for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, who was the plaintiff below, brought this action against the Louisville & Nashville Railroad Company to recover $10,000 damages for personal injuries he alleged he received on December 2, 1928, at the railroad company's shops at Ravenna, Estill county, Ky. The trial court sustained defendant's motion for a directed verdict in its favor, and the plaintiff has appealed.

The facts alleged in plaintiff's petition and three amended petitions are, in substance, as follows: He was employed by the defendant as a car repairer, and was injured on December 2, 1928, while lifting a heavy jack preparatory to jacking up a car loaded with coal for the purpose of repairing it, that the defendant furnished only one man to assist him in lifting the jack, and that it was negligent in failing to furnish a sufficient number of men to assist him; that it knew of such insufficient help and the dangers that would result therefrom, or could have known the same by the exercise of ordinary care, but that the danger was not known to plaintiff, and could not have been known to him by the exercise of such care; that the defendant also was negligent in failing to furnish plaintiff a safe place in which to work, in that the crib upon which the jack rested had to be built higher than such cribs were usually built on account of the unevenness of the ground where the car was standing and that, by reason thereof, plaintiff was required to lift the jack higher than was usual in doing the work of placing it on the crib, which facts defendant knew, or could have known, and which plaintiff did not and could not have known by the exercise of ordinary care. It was further alleged that the car which was being repaired

and the coal with which it was loaded were then being used in interstate commerce in which defendant was engaged.

Defendant filed an answer in paragraph 1 of which all of the material allegations of the petition as amended were traversed; paragraph 2 was a plea of contributory negligence; paragraph 3 a plea of assumed risk, and in paragraph 4 facts were alleged tending to show that neither plaintiff nor defendant at the time of the accident was engaged in interstate commerce. It also was alleged in this paragraph of the answer that the cause of action set out in the petition accrued on December 2, 1928, and that the petition was filed and summons issued on September 26, 1930, and the one-year statute of limitations was pleaded.

The plaintiff testified as to how the accident occurred and as to the nature of the injuries received by him. No other witness was introduced in his behalf. At the close of his testimony, the following stipulation was read to the jury:

> "It is stipulated by and between the parties that at the time of the things complained of in the petition the plaintiff, Price Watson, was working on L. & N. 180794, which car was loaded with coal and being transported from Blue Diamond No. 2, Ky., a place located in Perry County, Ky., to DeCoursey, Ky., and consigned to Louisville & Nashville Railroad Company; that the car moved to DeCoursey and arrived there on December 5th, 1928, was carded to Master Mechanic Hunter of the Louisville & Nashville Railroad Company at Covington, Ky., and unloaded at Covington, Ky., on December 7th, 1928, and that the coal from the said car was used after it was unloaded from the car for engine fuel on engines of defendant used in hauling both interstate and intrastate commerce. The day of the accident the defendant was engaged in both interstate and intrastate commerce."

Thereupon the trial court sustained defendant's motion for a directed verdict in its favor on the theory that plaintiff was not engaged in interstate commerce at the time he was injured.

Appellant prosecuted his suit under the Federal Employers' Liability Act (45 USCA secs. 51-59). He cannot

recover under the State Employer's Liability Act because the suit was not commenced within one year after his cause of action accrued and the one-year statute of limitations applies. Section 2516, Kentucky Statutes. It is appellant's contention that under the stipulated facts he was engaged in interstate commerce when his injuries were received. In determining whether or not he was so engaged, this court is bound by the decisions of the Supreme Court of the United States. In Chicago, Burlington & Quincy R. Co. v. Harrington, 241 U. S. 177, 36 S. Ct. 517, 518, 60 L. Ed. 941, the plaintiff's decedent was a switchman employed by the defendant, railroad company. It was contended by the defendant that the decedent was engaged in interstate commerce, and that the case was governed by the Federal Employers' Liability Act. The facts were these: The decedent, at the time he received the injuries which resulted in his death, was a member of a switching crew which was engaged in switching coal, belonging to defendant and which had been standing on a storage track for some time, to the coalshed, where it was to be placed in bins or chutes and supplied as needed to locomotives of all classes, some of which were engaged, or about to be engaged, in interstate, and others in intrastate, traffic. Holding under these facts that the decedent was not engaged in interstate commerce at the time he was injured, the Supreme Court said:

"As we have pointed out, the Federal act speaks of interstate commerce in a practical sense suited to the occasion, and 'the true test of employment in such commerce in the sense intended is, Was the employee at the time of the injury engaged in interstate transportation, or in work so closely related to it as to be practically a part of it?' Shanks v. Delaware, L. & W. R. Co., 239 U. S. 556, 558, 60 L. Ed. 436, 438, 36 S. Ct. 188 [L. R. A. 1916C, 797], and cases there cited. Manifestly, there was no such close or direct relation to interstate transportation in the taking of the coal to the coal chutes. This was nothing more than the putting of the coal supply in a convenient place from which it could be taken as required for use. It has been held that an employee of the carrier, while he is mining coal in the carrier's colliery, intended to be used by its interstate locomotives, is not engaged in interstate commerce

within the meaning of the Federal act (Delaware, L. & W. R. Co. v. Yurkonis, 238 U. S. 439 [59 L. Ed. 1397, 35 S. Ct. 902]), and there is no distinction in principle between the two cases."

The instant case on its facts cannot be distinguished from the Harrington case, which is controlling here. Also see Lehigh Valley R. Co. v. Barlow, 244 U. S. 183, 37 S. Ct. 515, 61 L. Ed. 1070. Counsel for appellant, however, in a petition for rehearing rely upon the construction of the Federal Employers' Liability Act (45 USCA secs. 51-59) as made and applied by the Supreme Court in the cases of Erie Railroad Co. v. Collins, 253 U. S. 77, 40 S. Ct. 450, 64 L. Ed. 790, and Erie Railroad Co. v. Szary, 253 U. S. 86, 40 S. Ct. 454, 64 L. Ed. 794. But those two opinions were expressly overruled by the same court in the case of Chicago & Eastern Illinois Railway Co. v. Industrial Commission of Illinois, 52 S. Ct. 151, 76 L. Ed. —, decided January 4, 1932, and Chicago & N. W. Ry. Co. v. Bolle, 284 U. S. —, 52 S. Ct. 59, 76 L. Ed. —, decided November 23, 1931, the doctrine of which overruling cases was also followed by the same court in the case of New York, New Haven & Hartford Railroad Co. v. Bezue, 52 S. Ct. 205, 76 L. Ed. —, decided January 25, 1932. The construction theretofore given and applied by that court in the Harrington, Shanks, and other cases involving analagous facts, was reaffirmed in the later overruling cases as the correct one, and which we think is applicable to the facts of this case. It follows that appellee's motion for a directed verdict in its favor was properly sustained.

Wherefore, the judgment is affirmed.