CLAIR McMULLEN, Respondent, *v.* PENNSYLVANIA RAILROAD COMPANY, Appellant.

Fourth Department, November 9, 1934.

*Harold J. Adams* [*Percy R. Smith* of counsel], for the appellant.

*Philip A. Laing* and *William J. Flynn* for the respondent.

PER CURIAM. The record is devoid of any evidence that the plaintiff was, at the time of his injury, engaged in interstate commerce. (*Lehigh Valley R. R. Co.* v. *Barlow,* 244 U. S. 183; *Chicago, B. & Q. R. R. Co.* v. *Harrington,* 241 id. 177; *Chicago & Eastern Ill. R. Co.* v. *Commission,* 284 id. 296.) This case, being an action under the Federal Employers' Liability Act, is governed by the authorities in the Federal courts. (*Southern R. Co.* v. *Gray,* 241 U. S. 338.) The case of *Jonas* v. *Missouri Pac. R. R. Co.* (48 S. W. [2d] 123; certiorari denied, 287 U. S. 610) is easily distinguishable. In that case the unloading was done on the railroad's industrial tracks, which were constantly in use in the general transportation business of the railroad, and the unloading occurred within two days of the arrival of the shipment in order to release the loaded car for other service. In the instant case the car was one belonging to defendant, and was located on tracks used solely for storage purposes for nearly a month after its arrival before unloading and the shipment was inspected and accepted by defend-

ant nearly two weeks before unloading. Interstate transportation of the shipment entirely ceased long before the plaintiff received his injury in handling the goods.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, CROSBY and LEWIS, JJ.

Judgment and order reversed on the law, with costs, and complaint dismissed, with costs.