AUGUSTUS H. TODD, on Behalf of Himself and All Other Present and Past Members of GRIFFIN CORNERS CAMP No. 2 OF THE ORDER OF THE GOLDEN SEAL, Similarly Situated, Respondent, *v.* JOEL L. KEATOR, Appellant.

Third Department, March 7, 1917.

Insurance — fraternal insurance company — pleading — sufficiency of complaint in action by members of Order of Golden Seal against secretary of local camp to recover dues wrongfully retained by defendant — parties — legal capacity to sue.

Complaint in an action by the plaintiff on behalf of himself and all other present and past members of a certain camp of the Order of the Golden Seal against the local secretary of said camp to recover moneys alleged to have been paid to the defendant and not delivered by him to the local camp, which it is alleged he had failed to organize and maintain as required by the constitution and by-laws of the order, examined, and *held*, not to state facts sufficient to constitute a cause of action.

*Held further*, that the plaintiff under the circumstances has no legal capacity to maintain the action.

APPEAL by the defendant, Joel L. Keator, from an order of the Supreme Court, made at the Chemung Special Term and entered in the office of the clerk of the county of Delaware on the 20th day of August, 1915, overruling his demurrer to the complaint, and also from the interlocutory judgment entered thereon.

*Andrus & McNaught* [*Andrew J. McNaught, Jr.*, of counsel], for the appellant.

*George A. Speenburgh*, for the respondent.

WOODWARD, J.:

The defendant has demurred to the complaint upon the grounds (1) that the plaintiff has not legal capacity to sue, in that it appears upon the face of the complaint that the cause of action alleged, if any, is vested in an organization known as Camp No. 2 of the Order of the Golden Seal, and upon the further ground that the plaintiff is not a member of said Order of the Golden Seal, and (2) that the complaint does not state facts sufficient to constitute a cause of action. The demurrer, which is to the amended complaint, has been overruled, and the defendant appeals from the order.

Under the liberal rules now in vogue in reference to pleadings it is conceded on the part of the defendant that if any cause of action may be spelled out of the allegations of fact contained in the complaint the order should prevail, but it is insisted that under this rule the complaint is fatally defective under both suggestions of the demurrer. The original complaint was held defective upon demurrer, on the ground that the defendant, having lawfully come into possession of the funds, it was necessary to allege a demand and a refusal in order to make the holding wrongful, and the amended complaint is identical with the original complaint, with the exception that it is now alleged, not that a demand was made prior to the commencement of the action, but that "plaintiff on behalf of himself and all others similarly situated has demanded the said sum of money heretofore mentioned from the defendant, but no part has been paid to this plaintiff or any other person similarly situated as plaintiff is informed and believes, to their great damage." We will pass over the question of whether such an allegation is sufficient to overcome the original defect in the pleading, and look into the complaint to determine whether the plaintiff is entitled to maintain this action. Disregarding the order of the plaintiff's allegations, and for an understanding of the case, we

present the essential allegations of fact which may be said to be admitted for the purposes of the demurrer.

It is alleged that the Superintendent of Insurance on the 11th day of March, 1902, issued a final certificate of authority to "The Order of the Golden Seal," by which it was duly authorized to transact business, and that said order was duly constituted a body politic and corporate with the powers and privileges of a fraternal, beneficiary society, order or association; that thereafter said Order of the Golden Seal adopted a constitution and by-laws to govern the same; that article 3, section 1, of said constitution provided that local camps shall consist of at least fifteen members who have been duly elected and initiated according to the ritual of the order, and none except such shall be allowed a voice or vote in its meetings; that section 2 of the same article provided that camps are to be organized by the supreme organizer or by his authority, and no additional camp shall be organized in a place where one exists without his consent; that section 4 of the same article provides that members of the respective camps shall elect officers for their own government and hold meetings for the transaction of business in accordance with the by-laws, and shall be governed as the constitution prescribes; that by-law 37 provided that quarterly dues shall be paid by each member holding a certificate upon the cash dividend plan to the camp to which he belongs, and shall not be less than fifty cents per quarter, or two dollars per annum; such quarterly dues shall be paid to the local secretary, and one half thereof shall be retained by such local secretary in full payment for his services in performing the duties of his office and the balance thereof shall be paid by such local secretary to the treasurer of his local camp; that subsequent to the issuing of the certificate of authority by the Superintendent of Insurance, it appeared upon the policies issued that certain policyholders were members of Camp No. 2, Order of the Golden Seal, and that Joel L. Keator was local secretary, and further that no local camp, as provided by the by-laws and the constitution of said order, was ever kept or maintained by said Joel L. Keator, the local secretary of said Camp No. 2; that no officers were ever elected and that no meetings of said Camp No. 2 were ever held or policyholders were ever initi-

ated as required by the constitution and by-laws of said order, by said Joel L. Keator, local secretary of Camp No. 2, Order of the Golden Seal, at Griffin Corners, N. Y.; that the defendant Joel L. Keator was one of the organizers of said corporation, Order of the Golden Seal, and was and is now one of the officers thereof; that after the organization of said Order of the Golden Seal a great number of persons, at least 400, of which Augustus H. Todd was one, became members of said order and policyholders thereof, and it appeared on said policies that they were members of Camp No. 2, located at Griffin Corners, N. Y., and paid their monthly dues and the quarterly dues on said policies to said Joel L. Keator, local secretary, as appeared from the policy; that the quarterly dues paid by each policyholder was the sum of fifty cents per quarter or two dollars per annum; that said Joel L. Keator was entitled under the term of by-law No. 37 to the sum of twenty-five cents per quarter, or one dollar per annum, as local secretary, on each policyholder for his services out of said payment of two dollars per annum on each policyholder; that said sum of two dollars per annum was collected by said defendant Joel L. Keator from each policyholder for a number of years; that the sum of one dollar of said payment of two dollars per annum on each policyholder was the property of local Camp No. 2 and should have been paid over by this defendant Joel L. Keator to the treasurer of said local camp; that no camp was maintained as hereinbefore set forth, and the dues of one dollar each year for each policyholder was not paid over by this defendant for the benefit of said local camp, but was retained and converted to his own use by said Joel L. Keator, this defendant, the local secretary of Camp No. 2, Order of the Golden Seal, and not paid over to the local Camp No. 2 aforesaid, its rightful owner; that by reason of said Joel L. Keator, this defendant, not organizing and maintaining a local camp, as required by the constitution and by-laws of the Order of the Golden Seal, the policyholders in said order who were called members of Camp No. 2 were deprived of many of the rights and privileges which they were entitled to as such policyholders; that said defendant Joel L. Keator, local secretary of said Camp No. 2, not having maintained said

camp, as required by the constitution and by-laws of said order, the money that belonged to said camp should be distributed among the respective members thereof *pro rata* as to the amount that each has paid to said Joel L. Keator, as local secretary, and not paid over by him as required by the by-laws of the order; that said defendant Joel L. Keator has no legal or equitable right to said sums of money so paid to him as aforesaid; that by reason of the facts aforesaid and the retention of said sum of one dollar each year on each policyholder of said Camp No. 2, for a number of years, a large sum of money is now in the hands of said Joel L. Keator, which belongs to the members past and present of said local Camp No. 2, Order of the Golden Seal; as the number of the policyholders is so large and the time that they have been paying dues as aforesaid is unknown to this plaintiff, he cannot state the exact amount of money that is now in the hands of said Joel L. Keator which belongs to said members; that said Joel L. Keator, local secretary of Camp No. 2 of said Order of the Golden Seal, has a large sum of money in his possession that belongs to the individual members past and present of said Camp No. 2 of the Order of the Golden Seal, located at Griffin Corners, N. Y., the exact amount of which this plaintiff is unable to state without a computation by the inspection of the books of this defendant and the Order of the Golden Seal; that said sums vary in amount that each policyholder has paid according to the time that he was a policyholder and an accredited member of Camp No. 2 aforesaid; that the question which is the subject of this action is one of common and general interest to all other present and past members of Griffin Corners, N. Y., Camp No. 2 of the Order of the Golden Seal, and particularly to all present and past members of said camp now holding or who have held a certificate in said Order of the Golden Seal upon the cash dividend plan as hereinbefore referred to during the six years last past and previous thereto.

Of course the defendant does not admit the conclusions of the complaint; he is merely committed for the purposes of the demurrer to the facts which are alleged and which enter into the alleged cause of action and the prayer for relief, which it is well to consider demands that the plaintiff and

"all other members past and present of Camp No. 2 of the Order of the Golden Seal, situated at Griffin Corners, N. Y., similarly situated," have judgment against this defendant for the various sums of money now held by him which belong to them and by reason of said payments as aforesaid and for such other and further relief as the court may deem just and equitable, etc. In one breath we are told that the defendant has never organized or maintained a local camp, while in the next we are told that the moneys alleged to have been collected by the defendant were "retained and converted to his own use by said Joel L. Keator, this defendant, the local secretary of Camp No. 2, Order of the Golden Seal, and not paid over to the Local Camp No. 2 aforesaid, its rightful owner." If the defendant was the "local secretary of Camp No. 2, Order of the Golden Seal," then there must have been such a camp, and he is not to be heard who alleges things contradictory to each other. (Broom Leg. Max. [8th Am. ed.] 169.) Then we are told that the money rightfully belonged to Camp No. 2 and again that "said Joel L. Keator, local secretary of Camp No. 2 of said Order of the Golden Seal, has a large sum of money in his possession that belongs to the individual members past and present of said Camp No. 2 of the Order of the Golden Seal, located at Griffin Corners, N. Y.," and all this in reference to the same moneys which are alleged to belong to the said Camp No. 2.

The pleader seems to be laboring under a great confusion of thought. There is no allegation that the plaintiff is now a policyholder or that he or any other member of the said Camp No. 2 has suffered any loss of rights under such policy or policies or that they are likely to suffer any loss. Their contracts of insurance are with "The Order of the Golden Seal," a "body politic and corporate with the powers and privileges of a fraternal, beneficiary society, order or association," as alleged in the complaint, and the provisions of the constitution and by-laws of such order referred to in the complaint, and which provide for the origination of subordinate camps, are merely for the purpose of bringing that corporation within the provisions of article 7 of the Insurance Law. (See Insurance Law [Gen. Laws, chap. 38; Laws of 1892, chap. 690], § 233; Insurance

Law [Consol. Laws, chap. 28; Laws of 1909, chap. 33], § 233. (Id. § 230 *et seq.*, added by Laws of 1911, chap. 198, as amd.) These camps have very little practical existence; they are merely incident to the corporation which makes the contracts of insurance, fixing the character of the corporation. The so-called local secretaries are not officers of the local camps, but of the corporation itself; they are agents appointed by the corporation to superintend the collection of the monthly, quarterly and other dues, fines and assessments, which go to make up the resources of the corporation available for the payment of the policies upon maturity and the other obligations and expenses of the order. If this local secretary has collected quarterly dues which he has not accounted for, he is liable to the corporation, not to the individual policyholders, and the allegations of the complaint that these funds belonged to the local camp, or to the individual members of such camp, are mere conclusions of the pleader, without any substantial basis in fact; and the only injury complained of relates not to the security or value of the policies but the alleged deprivation of "many of the rights and privileges which they were entitled to as such policyholders." It does not appear what these alleged rights and privileges were, unless it be the privilege of electing officers and conducting the local camp, which does not appear to have had anything to do with the management of the material concerns of the present corporation. The plaintiff, if the allegations of his complaint are true, knew that there was in fact no local camp; this fact was known to all of the "members past and present of Camp No. 2 of the Order of the Golden Seal," and if they chose to go on paying their quarterly dues, along with their monthly assessments, they would clearly be held to have waived their rights and privileges in connection with such camp organization. At most the corporation had agreed to institute such local camp, and the policyholders might very properly refuse to pay the quarterly dues unless such camp were in fact organized, but they could not go on making voluntary payments and then recover them back in an action of this kind. There is no allegation of the complaint that the defendant ever assumed the obligation of organizing a local camp; the allegation is that this was provided for in the

by-laws of the corporation, and that such camp was to be organized by the supreme organizer. There is no allegation that the defendant was such supreme organizer; the allegation that he was and now is an officer of the Order of the Golden Seal does not show him to be responsible for the conduct of that corporation, for the statute provides that "the affairs of every corporation shall be managed by its board of directors" (Gen. Corp. Law [Consol. Laws, chap. 23; Laws of 1909, chap. 28], § 34), and all corporations have the power to "appoint such officers and agents as its business shall require." (Gen. Corp. Law, § 11, subd. 4.) No breach of any duty which the defendant owed to this plaintiff or those similarly situated is alleged; the complaint shows clearly that the moneys came into the possession of the defendant lawfully, and no ground of recovery is established in the plaintiff. The defendant, as the local secretary employed by the Order of the Golden Seal, it is true, may have owed the duty to pay over the fund in excess of his compensation to the treasurer of the local camp; he may still owe that duty, but that is a question arising between the treasurer of the local camp and the defendant, and if the corporation has failed to provide the local camp that is not a fault which may be charged up to the defendant in the absence of some allegation which would connect him with the duty of creating such local camp, or of some fraudulent act in preventing its creation.

It seems to us clear that the plaintiff has no legal capacity to maintain this action, and, in any event, that he has failed to state facts sufficient to constitute a cause of action.

The order and interlocutory judgment appealed from should be reversed, with costs, and the demurrer sustained, with costs.

All concurred, KELLOGG, P. J., in memorandum.

KELLOGG, P. J. (concurring in result):

It is a fair inference from the complaint that Camp No. 2 was authorized by the supreme organizer, or by his authority, or by the parent camp, and that the defendant was designated by such authority to act as secretary of the local camp, assumably until local officers were duly elected. The policyholders, at or near Griffin Corners, from their certificates, apparently

became members of the local camp, and it was their duty, under section 4 of article 3 of the constitution, to " elect officers for their own government and hold meetings for the transaction of business in accordance with the by-laws." It was apparently as much the fault of the members as it was of the local secretary that no officers were elected and no meetings held.

The moneys paid the local secretary were properly paid to him, and one-half of them are the funds of the local camp to be turned over to the treasurer when elected for the use of the camp. The plaintiff paid his part of the moneys strictly according to the by-laws, and has no further interest in them except to see that they are used for purposes of the local camp. The local camp not having been organized, perhaps any member, in behalf of all of the members, might maintain an action if the moneys had been actually misapplied by the defendant, there being no official in existence who could maintain said action. There is no allegation of facts indicating that the defendant has misapplied the moneys, or has actually converted them to his own use. The allegation of the complaint that the defendant has not paid the money over to the treasurer, there being none, and that no camp was maintained, and that the money was not paid over by defendant for the benefit of the local camp, but was retained and converted to his own use and not paid over to the local camp, is not an allegation of the conversion of the funds. From all that appears the funds are still retained by the defendant as local secretary, according to his duty, ready to be turned over to the treasurer when the members of the local camp shall elect one. The failure by the defendant to turn over the moneys to the plaintiff and others on demand was not a conversion; the defendant could not lawfully pay over the moneys to them. There is no statement of fact showing a conversion. The conclusions alleged do not follow the facts alleged, and there is nothing in the complaint to show any illegal act upon the part of the defendant.

Order and interlocutory judgment reversed, with costs, and demurrer sustained, with costs, with usual leave to the plaintiff to plead over on payment of costs in this court and at Special Term.