ARTHUR FOWLER, Appellant, *v.* FRED R. STUART, Respondent.

Third Department, July 7, 1921.

**False imprisonment — complaint sufficient.**

Complaint in an action for false imprisonment in which it is alleged that the defendant, a police officer, without probable cause, maliciously and without a warrant arrested the plaintiff and took him before a police justice, and that the plaintiff was found guilty, but on appeal the County Court reversed the judgment of conviction and discharged the plaintiff, states a cause of action, for the judgment of reversal by the County Court did not destroy the effect of the allegation that the arrest was made without probable cause, and maliciously.

APPEAL by the plaintiff, Arthur Fowler, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Fulton on the 27th day of January, 1921, upon the dismissal of the complaint by direction of the court at the opening of the case.

*W. H. Bass* [*H. D. Wright* of counsel], for the appellant.

*Lee S. Anibal* [*J. Keck* of counsel], for the respondent.

JOHN M. KELLOGG, P. J.:

The complaint alleged that the defendant, a police officer of the village of Northville, without probable cause, maliciously and without a warrant, arrested plaintiff and took him before the police justice; that the case was tried and the plaintiff found guilty and fined ten dollars, but upon an appeal to the County Court the judgment of conviction was reversed and the plaintiff discharged. The answer alleges a proper defense, but the allegations of the answer were not admitted by the defendant's motion for judgment on the pleadings. The judgment must, therefore, rest upon the alleged insufficiency of the complaint. The fact that the County Court reversed the conviction shows that the proceeding had ended. It did not, however, destroy the effect of the allegations that the arrest was made without probable cause, and maliciously. In view of the allegations of the answer, it is probable that the action may not have much merit; nevertheless we must hold that the complaint states a cause of action.

The judgment is, therefore, reversed and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment reversed and new trial granted, with costs to appellant to abide event.