JOSEPH F. MEZZACAPO, Respondent, *v.* BENJAMIN KRIVIS and Another, Appellants.

First Department, November 7, 1930.

*Herman J. Rubenstein,* for the appellants.

*Paul Abbott,* for the respondent.

O'MALLEY, J.   Reversal of the order of arrest is sought upon the ground that the papers upon which it was granted are insufficient. We accept the appellants' view.   There is lack of evidentiary facts in the supporting affidavit.   While it is true that a complaint which is made the basis of an order of arrest may state the pleader's conclusions, the affidavits are required to set forth the facts which it is necessary for the plaintiff to establish to succeed, and from which the court may draw its own conclusions.   (*Moore* v. *Becker,* 47 Hun, 633; opinion reported in 13 N. Y. St. Repr. 567.)

The action is for malicious prosecution.   The complaint and the affidavit charge that the defendants were members of a labor union of which the plaintiff was president and business representative.   The defendants are charged with organizing a rival union for the purpose of discrediting the plaintiff and with a view to causing the members of his union to hold him in ill repute.   It is alleged that they conspired to charge him with the crime of extortion; that in furtherance of the conspiracy, the defendant Krivis charged him with such crime before one of the city magistrates; that the plaintiff was arrested and was charged in the newspapers with being a " second Brindell; " that the defendant Krivis was responsible for such charges; that plaintiff was taken into custody, kept in confinement, was thereafter arraigned in the Magistrate's Court and

held in bail for a hearing; that upon such hearing the defendants testified falsely in accusing the plaintiff of extortion and because of such perjury plaintiff was held for the grand jury.

It is further alleged that the defendants repeated their false accusations before the grand jury, as a result of which the plaintiff was indicted and held in bail in the sum of $1,000. While the complaint alleges that the motion to dismiss the indictment was based upon the ground that it stated insufficient facts, that the testimony given by the defendants and their witnesses was insufficient to sustain it, and that it was dismissed upon the ground that the evidence presented was insufficient, the affidavit simply alleges the dismissal of the indictment by one of the justices of the Court of General Sessions and its termination.

The affidavit further alleges that the defendants caused plaintiff's arrest willfully and without justification upon false and perjurious statements willfully and maliciously made. It is further alleged that after the indictment was dismissed the defendants again applied to one of the city magistrates for another warrant of arrest of the plaintiff upon another false charge and that as a result he was summoned before the magistrate who dismissed the proceeding for the reason that the defendants had theretofore presented the same matter to the district attorney and had been advised by such official that the plaintiff had committed no crime. It is further alleged that the defendants thereupon stated that they would then apply to another magistrate for a summons.

In support of these conclusions no facts whatever are set forth tending to show the falsity of the testimony given by the defendants or others and no facts tending to show malice, except the fact that on the hearing in the Magistrate's Court one of the defendants admitted that he was interested in the formation of another labor union and that his attorney had prepared the papers of incorporation. He denied holding any office in such corporation. In addition, there was attached to the moving affidavit the letter of the attorney inviting certain members of the trade to attend a dinner to be given in which such attorney stated that he had incorporated a new union; that the plaintiff had been held for the grand jury on a criminal charge and that the plaintiff's union had been dissolved and his power was broken. Another letter purporting to have been written by one Long is entitled as being annexed to the affidavit of the plaintiff. The affidavit, however, does not refer to it, and nothing is set forth to connect it in any way with the acts of the defendants.

In these circumstances we are of opinion that the plaintiff failed to show lack of probable cause or to overcome the presumption

that such probable cause existed. This was established by the action of the magistrate in holding the plaintiff for the grand jury and his subsequent indictment. (*Hopkinson* v. *Lehigh Valley R. R. Co.*, 249 N. Y. 296.) To overcome such *prima facie* evidence it was incumbent upon the plaintiff to show in his moving papers that defendants had misrepresented or falsified the evidence or had concealed information or facts which might have affected the result. (*Hopkinson* v. *Lehigh Valley R. R. Co.*, supra.)

As already appears, there is no proof whatever that the defendants' testimony before the magistrate or the grand jury or information given to the district attorney was false or incomplete. Plaintiff merely alleges his conclusion that the defendants gave false and perjured testimony. He does not even attempt to state his conclusions in what respect the testimony is false. If we assume proof of malice, lack of probable cause may not be inferred from its presence. (*Besson* v. *Southard*, 10 N. Y. 236; *Bankell* v. *Weinacht*, 99 App. Div. 316.)

It follows that the order should be reversed, with ten dollars costs and disbursements, and the motion to vacate the order of arrest granted, with ten dollars costs.

FINCH and MARTIN, JJ., concur; DOWLING, P. J., and McAVOY, J., dissent.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.