Rose H. Lapides, Plaintiff, *v.* Abraham Lapides, Defendant.

City Court of New York, Kings County, May 2, 1932.

*Henry Simon,* for the plaintiff.

*Reeves, Todd, Ely, Price & Beatty [Guernsey Price* of counsel], for the defendant.

Fennelly, J.   The plaintiff seeks to recover the expense she was put to and the damage she sustained, as the result of an action brought by her husband to annul their marriage.

The annulment action resulted in a dismissal of the complaint after trial at Special Term of the Supreme Court; a reversal by the Appellate Division which granted the annulment, and a final determination of the litigation by the Court of Appeals reversing the decision of the Appellate Division and dismissing the complaint of the husband.

The complaint which is being tested by this motion apparently was drafted upon the theory of an action for damages for a malicious prosecution of a civil action.

As neither the person nor the property of the plaintiff in this action was interfered with by the use of any provisional remedy in the annulment action, it is the contention of the defendant herein

that no cause of action exists in plaintiff's favor for malicious prosecution. Concededly where there is such interference a cause of action exists in this State. Where there was not such interference a right of action was denied after a full discussion of the subject by the Appellate Division, Fourth Department, in *Paul* v. *Fargo* (84 App. Div. 9). As indicated in the prevailing opinion, where this question has arisen in the courts of other States, opinion is about equally divided, although the English authorities uniformly hold that such an action cannot be maintained.

With this decision in the Fourth Department I agree, though were the rule otherwise, and a cause of action permitted the plaintiff herein, the decision of the Appellate Division in favor of the husband in the annulment action, though subsequently reversed by the Court of Appeals, would negative the assertion of the lack of probable cause in bringing the husband's action for annulment. (*Mezzacapo* v. *Krivis*, 230 App. Div. 465.)

The complaint cannot be sustained upon the theory of malicious prosecution, for the further reason that the action is brought by the wife, who still remains under disability that prevents her from suing her husband for a personal injury. (*Allen* v. *Allen*, 246 N. Y. 571.)

It is plaintiff's contention that this complaint should be sustained as one for money expended by the wife for necessaries, consisting of legal and medical services in the defense of the annulment action brought by the husband. (*De Brauwere* v. *De Brauwere*, 203 N. Y. 460.)

It fails, however, to contain allegations that the money was spent out of her separate estate in discharge of the obligations and that the amounts expended were reasonable. With proper allegations the complaint could probably be sustained, provided moneys expended by a wife for legal and medical expenses in defending an annulment action are deemed necessaries. A husband has been held liable for legal expenses of a wife in bringing an action for a separation, none having been allowed in the separation action itself, on the theory that they were necessary for a wife's protection and support. (*Posner* v. *Stone*, 182 N. Y. Supp. 564; *Naumer* v. *Gray*, 28 App. Div. 529.) Upon the same principle she should be permitted to recover as necessaries legal expenses where she is called upon to protect the marital status in an annulment action brought by the husband.

Judgment on the pleadings granted, with leave to plaintiff to serve an amended complaint within six days after the service of the order granting this motion with notice of entry and upon payment of ten dollars costs.