LLOYD S. GRAHAM, Respondent, *v.* BUFFALO GENERAL LAUNDRIES CORPORATION and Others, Appellants.

Fourth Department, May 4, 1932.

*Donovan & Raichle* [*Frank G. Raichle* and *J. C. Randal* of counsel], for the appellants.

*Harry J. Kelly*, for the respondent.

THOMPSON, J. The question before us is the sufficiency of a complaint in malicious prosecution. For his cause of action plaintiff alleges that defendants maliciously and without reasonable

or probable cause lodged a charge of felony against him and procured a warrant for his arrest, upon which he was arrested, arraigned and pleaded not guilty. The complaint further alleges that upon a hearing the magistrate made an order that plaintiff be held on the charge and the evidence be submitted to the grand jury of Erie county. The grand jury failed to present an indictment. Defendants moved at Special Term to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The specific ground of the motion was that the allegations of the complaint that the prosecution was instituted and carried on without reasonable or probable cause, and that upon a hearing plaintiff was held to await the action of the grand jury, were so repugnant and contradictory to each other as to destroy both, thus rendering the complaint barren of facts sufficient to make out a cause of action. The motion was denied, and this appeal followed.

The pleading of a cause of action or defense must necessarily allege every fact necessary to be proved on the trial to make out a *prima facie* case. (3 Waite N. Y. Prac. 39.) Facts and not conclusions must be alleged.

If the pleading had omitted the allegation of the magistrate's having held plaintiff to the grand jury, the naked allegation of want of probable cause would have been a sufficient pleading of a cause of action for malicious prosecution. The question of want of probable cause is a mixed question of law and fact, and for the purpose of pleading, it is a fact, and may be stated directly. (*O' Neill v. Johnson*, 53 Minn. 439, 442.) An allegation " without probable cause " *in hæc verba* is proper. (*Fowler* v. *Stuart*, 197 App. Div. 736.)

The holding of an accused by a magistrate after an examination into the facts is *prima facie* evidence of probable cause for the prosecution. To meet this *prima facie* evidence of probable cause, when presented, it becomes incumbent upon the plaintiff to show that defendant withheld material facts on the hearing or knowingly gave or presented false testimony which might have affected the result. If he fairly and truthfully gave all the information he had, or which he might reasonably have ascertained, having a material bearing upon the issue before the magistrate, and rested, he did no more than his duty, and he is not liable in malicious prosecution, even though the magistrate reached a wrong conclusion. (*Hopkinson* v. *Lehigh Valley R. R. Co.*, 249 N. Y. 296, 300; *Mezzacapo* v. *Krivis*, 230 App. Div. 465, 468.) If there were facts of this nature available to plaintiff, he should have pleaded them, if he would prove them. As it stands, the complaint is defective because the allegations of want

of probable cause and that plaintiff was held to the grand jury are contrary, repugnant and mutually destructive. (*Todd* v. *Keator*, 177 App. Div. 112, 117; *O'Brien* v. *St. Louis Transit Co.*, 212 Mo. 59; *Hollingsworth* v. *Warnock*, 112 Ky. 96; *Jacksonville, etc., R. Co.* v. *Thompson*, 34 Fla. 346; 26 L. R. A. 410; 21 R. C. L. 454, 524; 49 C. J. 218; Civ. Prac. Act, § 258.) For these reasons we hold that the complaint fails to state a cause of action.

We are not unmindful of the case of *Beall* v. *Dadirrian* (62 Misc. 125; affd., on opinion below, 133 App. Div. 943), in which there was a contrary holding. The considerations mentioned above have made it impossible for us to follow the ruling in that case.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to the plaintiff to serve an amended complaint within twenty days after payment of costs.

All concur; CROSBY, J., not sitting.

Order reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint within twenty days upon payment of the costs of the motion and of this appeal.