Paul Murray Slattery, Respondent, *v.* Sanford Heller, Defendant, Impleaded with Morris Heller, Appellant.

Supreme Court, Appellate Term, First Department, July 2, 1937.

*David S. Elgot*, for the appellant.

*Arthur B. Kelly*, for the respondent.

Frankenthaler, J. The action is to recover damages for false imprisonment and malicious prosecution.

At the close of the plaintiff's case the trial judge held that no cause of action for false arrest was shown, and stated he would submit the case to the jury on the issue of malicious prosecution.

It appears that in the fall of 1933 plaintiff installed an oil burner in the residence of the defendant Morris Heller. A payment was made on account, and for a subsequent payment which became due the defendant Sanford Heller, son of the codefendant, gave plaintiff a postdated check. This check was not paid, defendant claiming that, though the burner was guaranteed, it was not satisfactory. Plaintiff repeatedly called upon defendants for payment of the check, but payment was refused. On or about February 2, 1934, plaintiff called at the defendants' residence. The son asked him to fix the burner. Plaintiff demanding a check or cash, and the son claiming that plaintiff was in default of his guaranty, plaintiff refused to fix the burner. The son testified that on that occasion plaintiff said he was going to cause his father a lot of trouble; that on the morning prior to the visit of the plaintiff the burner was working; that about an hour after plaintiff left the house the son went down to the basement and then saw that the wires had been cut and that parts of the apparatus were missing. Plaintiff was

thereupon summoned before a magistrate, and the defendants and their attorney who represented them in the Magistrate's Court testified that plaintiff admitted to the magistrate that he had taken out the parts because the burner was his and money was due at the time; that the magistrate then advised plaintiff to get a lawyer, and the proceeding was adjourned for further hearing. Plaintiff denied that he had admitted before the magistrate he had taken away any part of the burner.

As a result of subsequent hearings before the magistrate, plaintiff putting in no evidence, he was held for Special Sessions upon a charge of malicious mischief, and, after a trial in that court, he was discharged.

The jury found in favor of plaintiff against the defendant Morris Heller.

The holding of the accused by the magistrate after an examination into the facts established *prima facie* probable cause for the prosecution. (*Graham* v. *Buffalo Gen. Laundries Corp.*, 261 N. Y. 165.) As the Appellate Division said when the case cited was before that tribunal (235 App. Div. 246, at p. 247): " To meet this *prima facie* evidence of probable cause, when presented, it becomes incumbent upon the plaintiff to show that defendant withheld material facts on the hearing or knowingly gave or presented false testimony which might have affected the result. If he fairly and truthfully gave all the information he had, or which he might reasonably have ascertained, having a material bearing upon the issue before the magistrate, and rested, he did no more than his duty, and he is not liable in malicious prosecution, even though the magistrate reached a wrong conclusion. (*Hopkinson* v. *Lehigh Valley R. R. Co.*, 249 N. Y. 296, 300; *Mezzacapo* v. *Krivis*, 230 App. Div. 465, 468.) "

The trial judge erroneously overruled the contention of defendants' counsel that the holding by the magistrate was *prima facie* evidence of probable cause; he charged the jury " what you have to decide, really, was the charge true or false." True, he thereafter told them that, even if the plaintiff " Slattery is innocent of the charge, you still may not find any verdict in favor of the plaintiff if the Hellers had reasonable grounds to believe, not suspicion, because suspicion is never reasonable; it is in the same class as prejudice, if the Hellers had reasonable ground, some evidence, some reason to believe, not a mere suspicion or prejudice, that Slattery did that then you cannot find a verdict in favor of Slattery, because that's what this whole case is about, is there some reason the Hellers can convey to you for believing Slattery did this thing?" But this latter charge did not cure the prior error.. It

was not a correct instruction upon the issues, for it seems to put the burden upon defendants of establishing there was probable cause for the prosecution, the lack of which was an essential part of plaintiff's case.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.

LYDON and FRANKENTHALER, JJ., concur; LEVY, J., concurs in the result.