### CENTRAL R. CO. OF NEW JERSEY v. PASLICK.

(Circuit Court of Appeals, Second Circuit. January 23, 1917.)

#### No. 65.

COMMERCE ⊂⊃27(8)—INJURIES TO SERVANT—"ENGAGED IN INTERSTATE COMMERCE"—REPAIRING CAR.

A car repairer, employed by an interstate carrier, who was injured while working on a car belonging to another interstate carrier, and which must be returned in interstate commerce, is not engaged in interstate commerce within the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. 1913, §§ 8657–8665]).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

In Error to the District Court of the United States for the Eastern District of New York.

Action by Joseph Paslick against the Central Railroad Company of New Jersey. Judgment for plaintiff, and defendant brings error. Reversed.

Henry L. de Forest, of New York City, for plaintiff in error.
Frank J. Felbel, of New York City, for defendant in error.

Before COXE, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge. Paslick sued in reliance on the federal Employers' Liability Act; and the only question here presented is whether he received the injuries for which action is brought at a time

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

when he was engaged in the defendant in error's share of interstate commerce. Pedersen v. Railway, 229 U. S. 146, 33 Sup. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1914C, 153; North Carolina R. R. Co. v. Zachary, 232 U. S. 248, 58 L. Ed. 591, Ann. Cas. 1914C, 159.[1] That he was a servant of the railroad company is admitted. Plaintiff below was a helper in the blacksmith shop appurtenant to and part of the repair establishment of the railroad company, a carrier admittedly engaged in interstate commerce. It is, in effect, the finding of the jury that Paslick was hurt by the negligent descent of a steam hammer which at the time was working on the repair of a Baltimore & Ohio car. From this fact it is urged that the repair of a car—an instrumentality of commerce belonging to another interstate carrier, which must have come from another state, would naturally there return, and is only used and usable in that movement which is commerce—brought Paslick within the Pedersen Case, supra, and enabled him (as may be inferred from the pleadings) to evade the operation of the New Jersey Workmen's Compensation Law (P. L. 1911, p. 134).

It is not profitable to discuss the cases following the Pedersen decision, further than to point out that in Chicago, etc., R. R. v. Harrington, 241 U. S. at page 180, 36 Sup. Ct. 517, 60 L. Ed. 941, it was held that the true test of employment in interstate commerce in the sense intended by the statute is, "Was the employé at the time of the injury engaged in interstate transportation *or in work so closely related to it as to be practically a part of it?*" This decision was filed after trial in the court below, and was here relied on as leaving to the jury the duty of answering under the evidence herein the question above stated. On the day this writ was argued, however, the Supreme Court rendered judgment in Minneapolis, etc., Co. v. Winters, 242 U. S. 353, 37 Sup. Ct. 170, 61 L. Ed. —— (No. 420 Oct. Term, 1916), and declared in respect of a plaintiff who was repairing an engine which had been used in hauling trains both in intrastate and interstate commerce, and was so used after the plaintiff's injury, that such facts did not show engagement in interstate commerce.

"This [said Holmes, J.] is not like the matter of repairs upon a road permanently devoted to commerce among the states. An engine, as such, is not permanently devoted to any kind of traffic, and it does not appear that this engine was destined especially to anything more definite than such business as it might be needed for. * * * It simply had finished some interstate business and had not yet begun upon any other. Its next work, so far as appears, might be interstate" or not. "At the moment it was not engaged in either. Its character as an instrument of commerce depended on its employment at the time, not upon remote probabilities or upon accidental later events."

This language affixes a meaning to evidence legally identical with that offered herein, and furnishes a rule of interpretation binding on lower courts. If the repair of an engine in the intervals between its interstate occupations is not sufficiently close to commerce to be a part of it, the repair of a car, which moves only when the engine hauls it, is certainly no closer.

Judgment reversed.

[1] 34 Sup. Ct. 305.