## SCHAUFFELE v. DIRECTOR GENERAL OF RAILROADS.

(Circuit Court of Appeals, Third Circuit. November 4, 1921.)

### No. 2726.

Commerce ⊂⊃27(7)—Conductor killed in movement of cars in shop yard held not killed while engaged in "interstate commerce."

Where cars owned by carriers in distant states and destined eventually to be returned thereto had come into state in transportation of coal in interstate commerce, conductor of drill crew, killed while crew, many days after cars had come into state, was engaged in railroad shop yard in shifting unloaded cars to a place for repair and a loaded car to a chute for unloading, was not killed while engaged in "interstate commerce," within the federal Employers' Liability Act (Comp. St. §§ 8657–8665); the movement of the cars being purely local and for purposes not connected with interstate commerce.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

In Error to the District Court of the United States for the District of New Jersey; Charles F. Lynch, Judge.

Action by Sarah Schauffele, administratrix of the estate of George Schauffele, deceased, against the Director General of Railroads, as Agent. Judgment for defendant, and plaintiff brings error. Affirmed.

Robert V. Kinkead, of Jersey City, N. J., and Benjamin W. Moore, of New York City (Thomas J. O'Neill, of New York City, of counsel), for plaintiff in error.

William A. Barkalow, of New York City (Charles E. Miller and George Holmes, both of New York City, of counsel), for defendant in error.

Before WOOLLEY and DAVIS, Circuit Judges, and MORRIS, District Judge.

WOOLLEY, Circuit Judge. The plaintiff brought this action under the Federal Employers' Liability Act (Comp. St. §§ 8657–8665) to recover damages for the death of her husband, caused by negligence of the defendant. From a judgment entered on a directed verdict in favor of the defendant the sole question brought here for review is whether the evidence would sustain a finding that the plaintiff's decedent was at the time of his death employed in interstate commerce.

The decedent was a conductor of a drill crew engaged in shifting cars in the shop yard of the defendant at Elizabethport, New Jersey. He was caught between two cars and killed.

All cars in the movement—two unloaded and one loaded—were owned by carriers in distant states, had come into New Jersey transporting coal in interstate commerce and were destined eventually to be returned to the states of their origin. All had arrived at their destinations many days before the movement. At the time of the accident they were being shifted for different purposes; the two unloaded cars to a place for repair and the loaded car to a chute for unloading. In the absence of evidence as to the character of commerce, if any, in which the cars were engaged at the time of the accident, the plaintiff in error advances the proposition that being foreign cars, certain in the course of events to be returned to distant states, the jury should have been permitted to draw the inference that they were at the time being moved in interstate commerce, or, were engaged in a movement so closely related to interstate commerce as to be practically a part of it. While, admittedly, the cars were foreign cars, there is no evidence that they, or any one of them, were homeward bound. On the contrary, the evidence is that their movement was purely local and for purposes not connected with interstate commerce. The interstate movement of the two empty cars ended when they reached their destination. Kozimko v. Hines (C. C. A. 268 Fed. 507, 508. After being unloaded, their next movement would be interstate or intrastate according to its character and place. The character of the movement of these cars at the time of the accident was established by the purpose for which they were being moved and the place in which they were being moved. The purpose was for repairs. Movement for this purpose does not partake of interstate commerce. M. & St. L. R. R. Co. v. Winters, 242 U. S. 353, 37 Sup. Ct. 170, 61 L. Ed. 358, Ann. Cas. 1918B, 54; Central Railroad of New Jersey v. Paslick, 239 Fed. 713, 152 C. C. A. 547. The place was within the yard and therefore wholly within the state.

The place of the movement of the loaded car, ten days after it had arrived at its destination, was within the same yard and was for the purpose of unloading. The movement therefore was local and its purpose was not related to commerce at all. Chicago, Burlington & Quincy R. R. Co. v. Harrington, 241 U. S. 177, 36 Sup. Ct. 517, 60 L. Ed. 941; Lehigh Valley R. R. Co. v. Barlow, 244 U. S. 183, 37 Sup. Ct. 515, 61 L. Ed. 1070.

As the plaintiff failed to bring her decedent within the Federal Employers' Liability Act, the judgment below must be affirmed.