## FARMERS' BANK & TRUST CO. OF HARDINSBURG, KY., v. ATCHISON, T. & S. F. RY. CO.

(District Court, W. D. Missouri, W. D. March 4, 1926.)

No. 6256.

1. **Master and servant** ⚌⚌256(1)—**One suing under federal Employers' Liability Act must allege that he was engaged in interstate commerce and working on instrumentality used therein at time of injury (Employers' Liability Act, § 1 [Comp. St. § 8657]).**

One suing under the federal Employers' Liability Act, § 1 (Comp. St. § 8657), has burden of showing that he is entitled to benefit of such act, and must allege, not only that he was employed in interstate commerce at time of injury, but that he was actually engaged in such employment, and working on instrumentality being used in such commerce.

2. **Commerce** ⚌⚌27(8)—**Railroad employee, unloading supplies to be used in interstate commerce, but not then so employed, was not working on instrumentality used in interstate commerce (Employers' Liability Act [Comp. St. §§ 8657–8665]).**

Railroad employee, injured while unloading supplies to be used in interstate commerce, but not then so employed, was not working on instrumentality used in interstate commerce, within federal Employers' Liability Act (Comp. St. §§ 8657–8665).

3. **Master and servant** ⚌⚌256(1)—**Allegation that railroad employee unloading supplies facilitated movements of train held without merit, on question whether he was working on instrumentality used in interstate commerce (Employers' Liability Act [Comp. St. §§ 8657–8665]).**

Allegation in petition under federal Employers' Liability Act (Comp. St. §§ 8657–8665) that railroad employee, injured while unloading supplies at stations, facilitated movements of train by manner in which he did his work, *held* without merit, on question whether he was working on instrumentality used in interstate commerce, particularly as evidence was practically conclusive that train was exclusively engaged in intrastate commerce.

At Law. Action by the Farmers' Bank & Trust Company of Hardinsburg, Ky., as administrator of the estate of J. M. Crume, deceased, against the Atchison, Topeka & Santa Fé Railway Company, removed from a state court to the District Court by defendant. On plaintiff's motion to remand to the state court. Motion denied, and exceptions allowed plaintiff.

C. A. Randolph, of Kansas City, Mo., for plaintiff.

Cyrus Crane, George J. Mersereau, and Eugene E. Montgomery, Jr., all of Kansas City, Mo., for defendant.

11 F.(2d)—63

REEVES, District Judge. This is the second appearance of the above case in this court. It is alleged in the petition that the decedent, J. M. Crume, was employed in interstate commerce at the time of his injury and death. Heretofore on a similar petition this court held that the said decedent was not employed in interstate commerce and denied a motion to remand to the state court. Plaintiff dismissed his action in this court, and instituted another in a state court. Defendant has again removed to this court, and practically the same question is again before the court on plaintiff's motion to remand.

Plaintiff's petition states in substance that the defendant was, at all the times mentioned, engaged in interstate commerce, and that "the said J. M. Crume was in the employ of the defendant as a car supply helper in a certain car loaded with supplies; that he was assisting ⁂ ⁂ ⁂ and filling requisitions, disbursing and unloading said supplies at various of defendant's stations along its line in the states of Colorado and New Mexico for the *immediate* use of the defendant in its commerce between the several states." The foregoing specific allegation sets forth the relation existing between the decedent and the defendant company. In its petition to remove, the defendant has detailed the nature and character of the work of the said decedent in his capacity as a supply car helper. Incidentally it denies that such supplies were for *immediate* use and supports such allegation by proof. From the foregoing specific allegation of the plaintiff, it is to be determined whether the plaintiff's decedent was employed in interstate commerce, within the provisions of section 8657, U. S. Compiled Statutes.

[1] 1. As a postulate to the consideration of the case, it should be noted that one suing under the federal Employers' Liability Act has the burden of showing that he is entitled to the benefit of such act. Philadelphia & R. Ry. Co. v. Cannon (C. C. A.) 296 F. 302.

2. Moreover, his petition must allege that he was not only "employed by such carrier in such commerce," but that at the time of his alleged injury he was actually engaged in such employment, and that the instrumentality upon which he was working was then being used in interstate commerce. Todd v. Railway Co. (D. C.) 291 F. 910.

[2] 3. Applying the foregoing, plaintiff's petition, when stripped of unnecessary verbiage, asserts that the decedent was engaged in unloading supplies at the time of his injury

and death, and such supplies were designed for *immediate* use in interstate commerce. The defendant has explained the use of such supplies by proof that they were not for immediate use, but were designed for local or intrastate, as well as interstate, use when needed. In the case of Connolly et ux. v. Railroad Co. (D. C.) 3 F.(2d) 818, it was held by Judge Neterer, of the Northern district of Washington, that an engine used in interstate commerce, but temporarily withdrawn for repairs, was not such an instrumentality employed in interstate commerce as would support a claim of a boiler maker, under the federal Employers' Liability Act, for injuries sustained while engaged in repairing said engine. The opinion by Judge Neterer followed the decision in Industrial Commission v. Davis, 42 S. Ct. 489, 259 U. S. 182, 66 L. Ed. 888, where it was held that an engine under similar circumstances was not "engaged in interstate transportation or in work so closely related to it as to be practically a part of it." To the same effect was the ruling in Minneapolis & St. Louis R. Co. v. Winters, 37 S. Ct. 170, 242 U. S. 353, 61 L. Ed. 358, Ann. Cas. 1918B, 54.

4. An examination of the two cases of Erie R. Co. v. Collins, 40 S. Ct. 450, 253 U. S. 77, 64 L. Ed. 790, and Erie R. Co. v. Szary, 40 S. Ct. 454, 253 U. S. 86, 64 L. Ed. 794, do not show those cases to be in point. In those cases the employees were working upon instrumentalities so closely related to interstate commerce as to be practically a part of it. In the one case the employee was pumping water into a tank to be used promiscuously by interstate and intrastate engines. In the other, the employee was engaged in carrying sand to be used by locomotives in interstate commerce. In the instant case the decedent was aiding in unloading supplies which might be used in interstate commerce, but which were not then so employed. As stated, the burden was upon plaintiff to show that he was entitled to the benefit of the act, and this burden has not been carried.

[3] The allegation of the petition that the decedent "facilitated the movements of the train" by the manner in which he did his work is without merit on the questions involved. Moreover, on that question the testimony was practically conclusive that the carrier's train was exclusively engaged in intrastate commerce. A careful review of all the authorities does not justify a departure from the decision heretofore rendered between the parties in a former case. Accordingly that conclusion will be adhered to in the present case.

The motion to remand is denied, and it will be so ordered. Exceptions allowed plaintiff.