## DE SANTIS v. NEW YORK, N. H. & H. R. CO.

### No. 103.

Circuit Court of Appeals, Second Circuit.
Dec. 17, 1934.

John M. Gibbons, of New York City (E. R. Brumley, of New York City, of counsel), for appellant.

Thomas J. O'Neill, of New York City (William J. Hogan and Joseph G. Saile, both of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge.

The plaintiff was injured on the morning of November 18, 1933, while in the employ of the defendant as an assistant foreman of a work train crew. The work train was on an interstate track about a mile from Danbury, Conn., and the plaintiff was standing beside the train giving orders for the work in progress when he was struck on the head by the bucket of a steam shovel which was lowered without adequate warning. It was left to the jury to find whether he was engaged at the time in interstate transportation. The correctness of the court's charge on this subject presents the only question necessary for decision of the appeal.

At the time of the accident the work crew was engaged in leveling a space alongside the track in order to prepare the foundation for a rail rest. Rail rests are located at intervals of from two to eight miles along the right of way to hold spare rails for use in an emergency. Each rail rest consists of two uprights, set about thirty feet apart, having an arm upon which the spare rails can be laid. About six months previously, a rail rest located some hundred feet distant from where the crew was working had been removed, and the present work was to prepare the ground for its relocation. Thereafter some other crew would set the uprights and still later the spare rails would be placed upon them. This was the work which the jury were instructed they might find to be interstate transportation. It is true there was also evidence that the plaintiff was engaged in digging ditches to clear the tracks of water; but the District Judge said that that work was over, and charged directly that the issue was whether the work in leveling a foundation for the rail rest was interstate transportation.

We think it clear that he should have instructed the jury that it was not. In our

opinion it falls squarely within the decision of this court in Hudson & M. R. Co. v. Iorio, 239 F. 855. There the injured employee was engaged in placing rails in a pit between the tracks for storage until needed for track repair or other purpose. It was held as a matter of law that Iorio was not engaged in interstate transportation; that the use of the rails was too remote. A fortiori, the preparation of the ground for the future installation of a rest for storing rails is too remote. In Chicago, B. & Q. R. R. v. Harrington, 241 U. S. 177, 36 S. Ct. 517, 60 L. Ed. 941, the employee was injured while moving coal to a coal shed where it was to be placed in chutes for delivery to interstate and intrastate locomotives. There the use of the coal was more imminent than is the use of the rail rest, but it was held that the employee was not engaged in interstate transportation. The court said that all that was involved was putting the coal in a convenient place so that it could be taken as required for use. More recent applications of the controlling principle are found in Chicago & E. I. R. Co. v. Industrial Com., 284 U. S. 296, 52 S. Ct. 151, 76 L. Ed. 304, and Chicago & N. W. R. Co. v. Bolle, 284 U. S. 74, 52 S. Ct. 59, 76 L. Ed. 173. For analogous state court decisions, see Sailor v. Mo. Pac. R. Co., 322 Mo. 396, 18 S.W.(2d) 82; Buynofsky v. Lehigh V. R. Co., 228 N. Y. 249, 126 N. E. 714; Phillips v. B. & O. R. Co., 287 Pa. 390, 135 A. 102; Morrison v. Chicago, M. & St. P. R. Co., 103 Wash. 650, 175 P. 325; Arizona Eastern R. Co. v. Head, 26 Ariz. 137, 222 P. 1041.

The plaintiff relies upon Pederson v. D. L. & W. R. Co., 229 U. S. 146, 33 S. Ct. 648, 649, 57 L. Ed. 1125, Ann. Cas. 1914C, 153, as decisive of this case, and would bring the work upon which the plaintiff was engaged within the orbit of track repair or maintenance of way. It may well be doubted whether the relocation of a rail rest removed six months before should not be classed as new construction rather than repair or maintenance. Compare New York Central R. R. Co. v. White, 243 U. S. 188, 37 S. Ct. 247, 61 L. Ed. 667, L. R. A. 1917D, 1, Ann. Cas. 1917D, 629; Connors v. D. & H. Co., 236 App. Div. 381, 259 N. Y. S. 496, affirmed 261 N. Y. 668, 185 N. E. 785. But even in the field of repair the doctrine of remoteness is not to be disregarded. In the Peder-

son Case, the injured employee was carrying bolts to a bridge where they were to be used "that night or very early the next morning" in repairing the bridge. Had he been carrying them to the bridge to be there stored until future need to repair the bridge should arise, it can scarcely be doubted that the result would have been different. He would then have been in the position of the plaintiff in the Iorio Case. In the case at bar the work upon which the plaintiff was engaged was merely preparatory to the installation of a rail rest to carry spare rails at some future time. It was too remotely connected with interstate transportation to be deemed "practically a part of it." See Shanks v. D., L. & W. R. Co., 239 U. S. 556, 558, 36 S. Ct. 188, 190, 60 L. Ed. 436, L. R. A. 1916C, 797.

Upon the authority of the cases above cited the instruction must be deemed erroneous. The judgment is reversed, and the cause remanded for a new trial.

MANTON, Circuit Judge (dissenting).

This case differs from Hudson & Manhattan R. Co. v. Iorio (C. C. A.) 239 F. 855, assuming that it may still be of assistance in determining what is or is not engagement in interstate commerce within the meaning of the Federal Employers' Liability Act (45 USCA §§ 51–59). Iorio, when injured, was carrying rails not for immediate use, and they may never have been used in the railroad's repair. Like moving coal to a coal shed (Chicago, B. & Q. R. R. v. Harrington, 241 U. S. 177, 36 S. Ct. 517, 60 L. Ed. 941) where the coal may have been used for intrastate or interstate commerce, the rails were not then allocated or certain of use for construction work of an interstate railway. But in the instant case, the rail rest was a permanent part of this interstate railroad system of trackage, to be used as such, as would the rails upon which interstate trains ran, and as much a part of the rail highway as the plates and bolts which hold the rails together. If the rule of Pederson v. D., L. & W. R. Co., 229 U. S. 146, 33 S. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1914C, 153, is still a guide, the work of relocating a permanent rail rest for the railway system was work of construction or repair of an interstate railway and employment in interstate commerce.

I dissent.