## FITZGERALD, et al. v. KROGER GROCERY & BAKING CO.

### No. 1955.

District Court, D. Kansas, Second Division.

June 22, 1942.

J. Rodney Stone and Bernard Peterson, both of Newton, Kan., for plaintiffs.

Vermilion, Evans, Carey & Lilleston, of Wichita, Kan., for defendant.

HOPKINS, District Judge.

The action is one by ten persons under the Fair Labor Standards Act, June 25, 1938, 29 U.S.C.A. § 201 et seq.

The plaintiffs allege they were employed by the defendant to operate its private trucks from the week which ended October 29, 1930, to the week which ended May 10, 1941. They assert under Secs. 6 and 7 of the Act, 29 U.S.C.A. §§ 206, 207, they have a right to recover time and a half for overtime beyond the hours worked, as provided in Sec. 7 of the Act, and also a penalty of the same additional amount and an attorney's fee. The total of the overtime and penalty claimed is $6,700. The amount claimed as attorney's fee is not stated.

It appears that the defendant is an Ohio corporation with headquarters in Cincinnati, Ohio; that it manufactures some bakery and grocery articles which form a small percentage, though substantial, of the entire goods sold by it; that it has thirty-nine retail stores in Kansas and five in Kay County, Oklahoma, which is next south of Cowley County, Kansas, to sell bakery and grocery articles; that it has a warehouse at Wichita, Kansas; that about all or all the goods it sells at those retail stores are shipped from states other than Kansas to the warehouse at Wichita, Kansas, and much of them are hauled by its truckers from Kansas City, Missouri, to the warehouse at Wichita; that its truckers haul goods to supply those retail stores from the Wichita warehouse.

The plaintiffs assert in their brief that each of the plaintiffs have been engaged in all those three kinds of hauling; that is from Kansas City, Missouri, to Wichita; from Wichita to five retail stores in Kay County, Oklahoma; and from Wichita to the thirty-nine retail stores in Kansas; that the shipments to Wichita and from there constitute single interstate movements; that the trucking work of the plaintiffs is producing work and falls within a clause as to producing, in the Fair Labor Standards Act, and that all the work of

plaintiffs is within the scope of the act; that the manufacturing by the Kroger Company defines its entire business in the first stages.

The defendant claims that the work of the plaintiffs is not that of producing; that the shipments from Wichita are independent of the shipments into Wichita; that the only interstate movements are from Kansas City, Missouri, to Wichita and from the latter place to the five retail stores of defendant in Kay County, Oklahoma; that the work of plaintiffs falls within an exception in the Fair Labor Standards Act as to retail and service work; and that the hauls from Kansas City, Missouri, and from Wichita to Kay County, Oklahoma, are excepted from the Fair Labor Standards Act by a provision therein and come within the exclusive authority of the Interstate Commerce Commission which has power to control the hours of work of private carriers' truckmen under an Act of 1935, Sec. 204 of the Motor Carrier Act of 1935, 49 U.S.C.A. § 304(3).

█ I am of opinion the plaintiffs have no right to recover; that the shipments out of Wichita are independent of the shipments into Wichita and the plaintiffs are not producers pertaining to interstate commerce; that the Interstate Commerce Commission's power to control the hours of labor of private truckers in interstate shipments is exclusive and that leaves only to consider the intra-state shipments from Wichita to the thirty-nine retail stores in Kansas, which latter are not within the scope of the Fair Labor Standards Act.

█ There are several decisions on the point that the power of the Interstate Commerce Commission to control the maximum hours of labor of interstate private truckers excludes the application of Sec. 7, 29 U.S.C.A. § 207, of the Fair Labor Standards Act.

"(b) the provisions of section 207 [Sec. 7 of the Act] shall not apply with respect to (1) any employee with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of section 304 of Title 49 * * *." 29 U.S.C.A. § 213(a)(2), (b)(1).

The power of the Interstate Commerce Commission on maximum hours of truckers employed by private carriers is stated in Sec. 304, 49 U.S.C.A., part of the Motor Carrier Act, supra, as follows: "(a) It shall be the duty of the Commission * * * (3) To establish for private carriers of property by motor vehicle, if need therefor is found, reasonable requirements to promote safety of operation, and to that end prescribe qualifications and maximum hours of service of employees, and standards of equipment. In the event such requirements are established, the term 'motor carrier' shall be construed to include private carriers of property by motor vehicle in the administration of sections 304(c), 305, * * *."

Another provision in this act defines "commerce" and shows the power of the Interstate Commerce Commission applies to interstate motor transportation. 29 U.S. C.A. § 203(b).

On account of the exclusive power of the Interstate Commerce Commission over maximum hours of interstate haulers the Fair Labor Standards Act does not apply and plaintiffs have no right to recover.

Findings of fact and conclusions of law are filed this date.