EDWARD DELCOUR, Plaintiff, *v.* LEHIGH VALLEY COAL SALES COMPANY, Defendant.

Supreme Court, Monroe County, August 4, 1943.

*Goodwin, Nixon, Hargrave, Middleton & Devans* for defendant.

*Carolus J. Mackey* for plaintiff.

VAN VOORHIS, J. The action is brought under the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*) to recover additional wages at the rate of time and one half for overtime plus liquidated damages for the period between October 23, 1938, and October 26, 1939, during which it is alleged that the plaintiff was employed by the defendant in interstate commerce. The motion to dismiss is based upon the ground that it fails to appear from the face of the complaint that plaintiff was engaged in interstate commerce. It is unnecessary to stop to consider whether the general allegation that the defendant employed the plaintiff in interstate commerce would be sufficient to state this essential fact in plaintiff's cause of action so as to bring him within the coverage of the Fair Labor

Standards Act inasmuch as the complaint particularizes what is meant by such employment by stating specifically the duties which plaintiff was required to perform. It is alleged that the duties of plaintiff in the said position were "to watch the railroad cars filled with coal brought in from the state of Pennsylvania and not yet unloaded, and to prevent anyone from stealing or otherwise interfering with such coal, as well as the coal piled in the yard and the contents of the yard in general." This specific statement of the nature of plaintiff's employment was evidently intended to express the entire field of his work. The previous assertion that he was employed in interstate commerce is evidently the pleader's conclusion as to the legal effect of the particular duties which it is stated that plaintiff was hired to perform, and in ruling upon the sufficiency of the complaint the particular statement of his duties is regarded as superseding the more general statement.

Subdivision (a) of section 206 of said title 29 of the United States Code (Fair Labor Standards Act) provides that "every employer shall pay to each of his employees who is engaged in commerce or in the production of goods for commerce wages at the following rates". The complaint does not aver that plaintiff was engaged in the production of goods for commerce so as to bring him within the broad coverage of such decisions as *Kirschbaum Co.* v. *Walling* (316 U. S. 517). He claims to come under the Act on the sole basis that he was "engaged in commerce." *McLeod* v. *Threlkeld* (319 U. S. 491) holds that the Fair Labor Standards Act does not extend the regulations of wages and hours to the farthest reaches of Federal authority, and that judicial determination of the extent of the coverage of employment in commerce is to be determined by the test of the Federal Employers' Liability Act (U. S. Code, tit. 45, § 51 *et seq.*). Such activities must be so closely related to interstate transportation as to be in practical and legal relation a part thereof. The court stated that the test to determine whether an employee is engaged in commerce is not whether the employee's activities affect or indirectly relate to interstate commerce, but whether they are actually in or so closely related to the movement of the commerce as to be a part of it. It was further stated that it is not decisive under the Fair Labor Standards Act that the employer is engaged in interstate commerce, but that the work of the employee shall control.

The decisions under the Federal Employers' Liability Act may be turned to for assistance in determining whether a

watchman is engaged in interstate commerce. In the instant case it may be noted that the defendant is not a railroad, but a coal sales company. It is not the carrier but the consignee.

In *Chicago, Burlington & Quincy R. R. Co.* v. *Harrington* (241 U. S. 177), it was held that an employee of a carrier engaged in removing coal cars from storage tracks to coal chutes is not engaged in interstate commerce even though the coal had been brought from another State and not yet unloaded. The coal was owned by the railroad, and was about to be emptied into storage bins. The same was held in *Lehigh Valley R. R. Co.* v. *Barlow* (244 U. S. 183). To the same effect are *Kozimko* v. *Hines* ([C. C. A. 3d] 268 F. 507), *Schauffele* v. *Director General of Railroads* ([C. C. A. 3d] 276 F. 115), and *Farmers Bank & Trust Co.* v. *Atchison, T. & S. F. R. R. Co.* (11 F. 2d 993).

The law may be regarded as settled that the plaintiff herein was not engaged in interstate commerce notwithstanding that the coal cars which he watched and guarded had entered New York State from Pennsylvania, provided that they had reached their destination before coming under his surveillance. (See, also, *Delaware, L. & W. R. Co.* v. *Busse,* [C. C. A. 2d] 263 F. 516, 521.) Presumably that had occurred, since they would not have been protected by defendant's watchman unless they had been delivered. When a car on its arrival at destination is placed upon a sidetrack designated by the consignee, the interstate transportation ends. (*Delaware, L. & W. R. Co.* v. *Peck,* [C. C. A. 2d] 255 F. 261.) The distinction between that case and *Cork* v. *Lehigh Valley R. R. Co.* (98 N. J. L. 143) is that in the latter the railroad was still functioning as a common carrier with respect to the shipment at the time of the accident. The car had been placed upon a siding in the railroad's yard (not, as in this case, upon the consignee's siding or in its yard), and insufficient time had elapsed after giving notice of arrival for the consignee to unload. The result was that the relation of the railroad to the consignee remained that of a carrier and had not yet become that of a warehouseman. If the duties of the railroad as a common carrier have been concluded, the goods must be deemed to have arrived at their destination. For what is necessary in the absence of agreement to the contrary in order to terminate a railroad's liability as a common carrier, see *Zinn* v. *New Jersey Steamboat Co.* (49 N. Y. 442) and *Sprague* v. *N. Y. Central R. R. Co.* (52 N. Y. 637). *Dade* v. *N. Y. Central R. R. Co.* (210 App. Div. 508, 511) is distinguishable in that there the railroad watchman was guarding a coal car which had not reached its destination in this State.

The amendment of 1939 to the Federal Employers' Liability Act, rendering it applicable to any employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce (U. S. Code, tit. 45, § 51), does not seem to affect the situation (*Matter of Wright* v. *N. Y. Central R. R. Co.*, 263 App. Div. 461), since the question here is whether the plaintiff was engaged in any respect in interstate commerce (*McLeod* v. *Threlkeld*, 319 U. S. 491, *supra;* *Baggett* v. *Henry Fischer Packing Co.*, 37 F. Supp. 670, 672), and the only point at which the complaint alleges plaintiff's work became involved in interstate commerce was the watching of coal cars brought in from Pennsylvania and not yet unloaded. If these cars had been delivered at their destination, as seems to have been the case, plaintiff's duty to protect them did not place him in interstate commerce. The 1939 amendment of the Employers' Liability Act does not supersede the rulings that this work was intrastate.

In those cases, it is true there was no question that the coal cars had reached their destination. In *Chicago, Burlington & Quincy R. R. Co.* v. *Harrington* (241 U. S. 177, *supra*), the coal car had been on the railroad's storage tracks for a week or more prior to the time it was being switched into the coal chutes on the morning of the accident. In *Lehigh Valley R. R. Co.* v. *Barlow* (244 U. S. 183, *supra*), the cars had been in the yards a minimum of seventeen days. In *Kozimko* v. *Hines* (268 F. 507, *supra*), the shipment was stipulated to have reached its destination. In *Schauffele* v. *Director General of Railroads* (276 F. 115, *supra*), all of the cars had arrived "many days" before the switching movement in which the death occurred. Delivery must have been completed in the instant case, since the coal was being watched by defendant's watchman. There would be no point in defendant's assuming the responsibility of having it protected if it were still in the possession of the railroad company as a common carrier. Even if that were not enough to show affirmatively that plaintiff was not employed in interstate commerce, the complaint would still be insufficient, since the burden is upon the plaintiff to bring himself within the coverage of the Fair Labor Standards Act by establishing that he was employed in interstate commerce. It is not enough that the employer was in interstate commerce, as has been pointed out. The complaint must show that the employee was engaged in commerce, or in the production of goods for commerce, failing which it must be dismissed. (*Baggett* v. *Henry Fischer Packing Co.*, *supra; Gates* v. *Graham Ice Cream Co.*, 31 F. Supp. 854;

*Farmers Bank & Trust Co.* v. *Atchison, T. & S. F. R. R. Co.,* 11 F. 2d 993, *supra; Illinois Central R. Co.* v. *Rogers,* [C. C. A. 5th] 221 F. 52, 54; *Cowen Co.* v. *Houck Mfg. Co.,* [C. C. A. 2d] 249 F. 285, 288.) While pleadings are to be construed liberally, a complaint which fails to make clear whether an essential fact exists cannot be upheld. (*Clark* v. *Dillon,* 97 N. Y. 370; *Johansson* v. *Kemp,* 211 App. Div. 276.)

The point has been argued for plaintiff that this coal had not reached its final destination since defendant was a wholesaler and engaged in reselling to retailers who had not received it. The *Harrington* and *Barlow* decisions in the United States Supreme Court militate against this conclusion in that employees were there held to be engaged in intrastate work in unloading coal which had not been earmarked for future use (see *Buynofsky* v. *Lehigh Valley R. R. Co.,* 228 N. Y. 249). This point has been discussed in connection with the Fair Labor Standards Act in *Walling* v. *Jacksonville Paper Co.* (317 U. S. 564, Douglas, J.), the opinion in which indicates that goods from without the State delivered to a wholesaler pursuant to a specific prior order from a retailer have not ceased to be in interstate commerce until received by the retailer. The court added (p. 570): "We do not mean to imply that a wholesaler's course of business based on anticipation of needs of specific customers, rather than on prior orders or contracts, might not at times be sufficient to establish that practical continuity in transit necessary to keep a movement of goods 'in commerce' within the meaning of the Act." This caveat was dictum and is not relevant here since no facts bringing the case within it have been pleaded. The complaint says nothing about anyone being interested in receiving the coal except defendant. No claim has been made that the defendant is the *alter ego* for the Lehigh Valley Railroad Company, making a merely fictitious interruption in an otherwise continuous movement in interstate commerce from the shipper to the retailer or the ultimate consumer. The complaint makes no mention of any relationship between these corporations, nor of retailers or ultimate consumers. A cause of action is not stated in that the complaint does not allege facts showing plaintiff to have been engaged in interstate commerce during the period of his employment. The motion to dismiss is granted, with ten dollars costs, but with leave to the plaintiff to amend his complaint upon payment of motion costs within ten days after service of the order to be entered hereon with notice of entry.