MEYER HELT, Plaintiff, *v.* BRITTEN-FENTON Co., INC., Defendant.*

Supreme Court, Special Term, New York County, September 7, 1943.

---

* See *Helt* v. *Britten-Fenton Co., Inc.,* 180 Misc. 1076.

*Schlesinger & Schlesinger* for defendant.

*Arkin, Lebovici & Kottler* for plaintiff.

BOTEIN, J. The complaint sets forth two causes of action, the first for unpaid overtime compensation, pursuant to the provisions of the Fair Labor Standards Act of 1938, and the other for damages resulting from the alleged breach of a contract entered into between the defendant and the union of which plaintiff is a member.

The complaint alleges that the defendant is engaged in the production of goods in interstate commerce within the meaning of the Fair Labor Standards Act (U. S. Code, tit. 29, § 201 *et seq.*), that a substantial portion of goods so produced is shipped to points and places outside of the State of New York, and that the goods so produced have been sold, offered for transportation, transported, shipped and delivered in interstate commerce to various points of the State of New York; that the defendant employed the plaintiff in the capacity of a truck driver and that, during the period he was in the employ of the defendant, he was engaged in the production of goods in interstate commerce within the meaning of the Act. The plaintiff is an employee coming within the exception contained in paragraph (1) of subdivision (b) of section 13 of the Fair Labor Standards Act [U. S. Code, tit. 29, § 213(b)1] and, hence, the first cause of action is governed by the decision of the Supreme Court of the United States in the companion cases of *Southland Gasoline Co.* v. *Bayley* (131 F. 2d 412, revd. 319 U. S. 44) and *Richardson* v. *James Gibbons Co.* (132 F. 2d 627, affd. 319 U. S. 44), both decided May 3, 1943. The motion to dismiss the first cause of action is, therefore, granted.

The second cause of action is pleaded on the theory that the plaintiff is a third-party beneficiary of a contract entered into between his union and his employer, which contract provided for certain overtime payments. The defendant cites *Rotnofsky* v. *Capitol Distributors Corp.* (262 App. Div. 521) as authority for its contention that an employee cannot sue for breach of a contract entered into between his employer and a union of which

he is a member. So sweeping a prohibition cannot be read into that opinion. The court said: "Assuming that plaintiff might have some enforcible rights as third party beneficiary under this contract, as we construe the agreement it appears clear that these rights do not include the right of continuous employment for the balance of the collective bargaining period. The two-year period fixed in the contract did not purport to fix the term during which member employees were to remain in the service of the defendant."

The *Rotnofsky* case held that a member of a union could not, under the union-employer contract, assert an individual claim of damages for discharge because the contract purported "to insure the retention of union men, and not to provide any fixed period of continuous employment for individual employees." This reasoning, in a case where due to the exigencies of business management it was evidently not the intention of the contracting parties to make individual employees the beneficiaries of a two-year tenure of employment, cannot be expanded into a holding that an overtime provision, sought to be applied to services already rendered, cannot be invoked by a union member. To rule otherwise would deprive the plaintiff of any remedy for work already performed under the terms of the contract between his union and his employer. Accordingly, the motion to dismiss the second cause of action is denied, with leave to serve an answer within twenty days after service of a copy of this order, with notice of entry.