THOMAS CARROLL et al., Plaintiffs, *v.* DRYOLIN CORPORATION, Defendant.

Supreme Court, Special Term, Queens County, November 3, 1943.

*Levy, Kornblum & Katz* for defendant.

*Henry Kroll* and *Frederick J. Britton* for plaintiffs.

DALY, J. This is a motion by the defendant for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice upon the ground that the twenty-one causes of action set forth in the complaint are legally insufficient. The six plaintiffs herein seek to recover from the defendant, their employer, overtime compensation, liquidated damages and counsel fees, pursuant to the provisions of the Fair Labor Standards Act of 1938. (U. S. Code, tit. 29, § 201 *et seq.*) Assuming the truth of the allegations pleaded in the complaint, the defendant urges that the plaintiffs have not alleged any cause of action under the Fair Labor Standards Act. As to the three plaintiffs who are truck drivers, it is contended that they are, by the terms of the Act, exempt from the provisions thereof and as to the three who are " warehousemen, handymen and helpers ", there are no facts alleged showing that they were " engaged in commerce or in the production of goods for commerce ".

Subdivision (a) of section 7 of the Fair Labor Standards Act [U. S. Code, tit. 29, § 207, subd. (a)] provides, in part, as follows: " No employer shall, except as otherwise provided in this section, employ any of his employees who is engaged in commerce or in the production of goods for commerce — (1) for a workweek longer than forty-four hours during the first year from the effective date of this section   *   *   *   unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.". Subdivision (b) of section 13 of said Act [U. S. Code, tit. 29, § 213, subd. (b)] reads as follows: " (b) The provisions of section 7 shall not apply with respect to (1) any employee with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of section 204 of the Motor Carrier Act, 1935 ". [U. S. Code, tit. 29, § 213, subd. (b).]

The foregoing provisions have been judicially construed to mean that inasmuch as the Interstate Commerce Commission has the exclusive power under the Motor Carrier Act, 1935 (since Sept. 18, 1940, Interstate Commerce Act, Part II; U. S. Code, tit. 49, § 301 *et seq.*, as amd.) to establish qualifications and maximum hours of service of truck drivers engaged in interstate commerce, such workers cannot sue under the Fair Labor Standards Act. (*Southland Co.* v. *Bayley* [*Richardson* v. *James Gibbons Co.*], 319 U. S. 44; *Fitzgerald* v. *Kroger Grocery & Baking Co.*, 45 F. Supp. 812; *Bechtel* v. *Stillwater Milling Co.*, 33 F. Supp. 1010; *Rozmus* v. *Jesse T. Davis & Sons*, 23 N. Y. S. 2d 821; *Helt* v. *Britten-Fenton Co.*, 180 Misc. 1077.)

The first three plaintiffs contend, however, that the allegations of the causes of action with which they are concerned (1 to 12 incl.) do not bring them within the purview of the Motor Carrier Act and that therefore they are covered by the Fair Labor Standards Act. The court is unable to agree with this view. The complaint alleges that the defendant " was and still is engaged in the distribution and sale of roofing, sheet metal and building materials, the greater part of which is purchased * * * at places without the State of New York, and is sold and distributed by the defendant to places both in and outside of the State of New York." The three plaintiffs who were truck drivers allege that each of them handled materials in the course of their employment by the defendant " from, places outside the State of New York to places within the State of New York, and from places within the State of New York to places outside the State of New York." These plaintiffs nevertheless argue that nowhere in the complaint is it alleged that their employment " took place anywhere else except within the State of New York " and that as a matter of fact they " are prepared to prove upon the trial of this action, that the defendant's trucks did not go beyond the boundaries of the State of New York; that their employment did not take them to places outside the State of New York."

However true that may be, it is not what has been pleaded in the complaint, and the court cannot go beyond the four corners of the pleading where its legal sufficiency is challenged under rule 112 of the Rules of Civil Practice. (*Lewis* v. *City of Lockport,* 251 App. Div. 159.) A plaintiff " must recover upon the facts stated in his complaint, or not at all. * * * A party must recover not only according to his proofs but according to his pleadings." (*Walrath* v. *Hanover Fire Ins. Co.,* 216 N. Y. 220, 225.) To adopt the plaintiffs' construction of the language employed in their complaint would be to distort it rather than to construe it " broadly and liberally " (*Wainwright & Page* v. *Burr & McAuley,* 272 N. Y. 130, 132) and in a light most favorable to the pleading (*Dyer* v. *Broadway Central Bank,* 252 N. Y. 430, 432). It is unequivocally alleged in the complaint that the first three plaintiffs handled materials " from places outside the State of New York to places within the State of New York " and vice versa. If that be so they were engaged in interstate commerce as that term is defined in clause 10 of subdivision (a) of section 203 of the Motor Carrier Act, 1935 [U. S. Code, tit. 49, § 303, subd. (a), cl. 10] which reads as follows: " The term ' interstate commerce ' means commerce *between any place in a*

*State and any place in another State* or between places in the same State through another State, whether such commerce moves wholly by motor vehicle or partly by motor vehicle and partly by rail, express or water." (Italics supplied.)

The three remaining plaintiffs are concerned only with the last nine causes of action. They allege that they were each employed by the defendant " as a warehouseman, handyman and helper " and that such employment " was a part of and contributed to the engagement of the defendant in Interstate Commerce, in that ' each ' handled merchandise in the course of transportation from points outside of the State of New York to points within the State of New York, and to places outside the State of New York from within the State of New York."

In *Stoike* v. *First National Bank* (290 N. Y. 195, 200) the court said: " that the federal statute casts upon the plaintiff the burden of proving that in the performance of work for which he was employed by the defendant he was engaged in interstate commerce or in the production of goods for interstate commerce during the period of asserted overtime employment. (*Warren-Bradshaw Drilling Co.* v. *Hall,* 317 U. S. 88.) " Since a pleading " must necessarily allege every fact necessary to be proved on the trial to make out a *prima facie* case " (*Graham* v. *Buffalo Gen. Laundries Corp.,* 235 App. Div. 246, 247, affd. 261 N. Y. 165), and a party must recover " not only according to his proofs but according to his pleadings " (*Walrath* v. *Hanover Fire Ins. Co.,* 216 N. Y. 220, 225, *supra*) " The complaint must show that the employee was engaged in commerce, or in the production of goods for commerce, failing which it must be dismissed." (*Delcour* v. *Lehigh Valley Coal Sales Co.,* 182 Misc. 289.) The complaint in the instant case contains no such showing. Instead of facts only conclusions are alleged. For example, it has been recently held by the Supreme Court of the United States that " It is the work of the employee which is decisive ". (*McLeod* v. *Threlkeld,* 319 U. S. 491, 497.) Yet the only allegation in the instant complaint in respect to the work performed by the last three plaintiffs is that they were warehousemen, handymen and helpers. There is no statement of the tasks which were part of said plaintiffs' regular duties throughout the period of their employment and that a substantial part of their work during such period was in interstate commerce, it being conceded on page 9 of their brief that they do not contend that they were engaged in an occupation necessary to or part of the production of goods for interstate commerce.

In light of the foregoing views the defendant's motion must be granted with leave however to the plaintiffs to serve an amended complaint within ten days of the service of the order hereon with notice of entry. Submit order.